LCS SERVICES, INC., Chambers of West Virginia, Inc., and Chambers Development Company, Inc., Plaintiffs,

v.

The Honorable Gaston CAPERTON, Governor of the State of West Virginia, The Berkeley County Solid Waste Authority, The Honorable Laidley Eli McCoy, Director, Division of the Environmental Protection of West Virginia, The Honorable B.F. "CAP" Smith, Chief of the Office of Waste Management for the Division of the Environmental Protection, The Honorable Otis Casto, Commissioner of the Public Service Commission of the State of West Virginia, The Honorable Boyce Griffith, Commissioner of the Public Service Commission of the State of West Virginia, The Honorable Richard Frum, Commissioner of the Public Service Commission of the State of West Virginia, and The Honorable Robin C. Capehart, Secretary of the Department of Tax and Revenue of the State of West Virginia, Defendants.

Civil Action No. 3:96–CV–31.

United States District Court,
N.D. West Virginia,
Martinsburg Division.

Aug. 15, 1997.

Bruce L. Thall, Philadelphia, PA, Michael R. Bucci, Pittsburgh, PA, Cathy M. Armstrong, Wheeling, WV, for Plaintiffs.

William E. Adams, Nitro, Silas B. Taylor, Charleston, WV, Mark J. Rudolph, Charleston, WV, Armando F. Benincasa, Charleston, WV, for Defendants.

*MEMORANDUM OPINION AND ORDER*

BROADWATER, District Judge.

The above styled action is pending before the Court for consideration of defendant Secretary of the West Virginia Department of Tax and Revenue, ("the defendant"), the Honorable Robin C. Capehart's Motion to Dismiss Count I.A.(1) (Document No. 93) on

the basis that the Eleventh Amendment precludes this Court from assuming jurisdiction over the plaintiffs' claim that the differentiated solid waste assessment fees imposed by West Virginia state statutes, which were repealed in 1993, entitle the plaintiffs to recover retroactive monetary relief in state tribunals.

The defendant filed his memorandum in support of dismissal with his motion on March 5, 1997. Plaintiffs LCS Services, Inc., Chambers of West Virginia, Inc., and Chambers Development Company, Inc., filed a timely response to the defendant's motion on March 17, 1997. The defendant filed a reply on March 27, 1997. The Court has now considered the defendant's Motion to Dismiss Count I.A.(1), the memoranda filed in support thereof and in opposition thereto, the pleadings filed and the applicable case law. For reasons set forth below, the Court grants the defendant's Motion to Dismiss Count I.A.(1).

### I. Statement of the Issues

The issue to be determined is whether the Eleventh Amendment bars a declaratory and an injunctive action against state officials which seeks to recover retroactive monetary relief for fees collected under an unconstitutional state statutory scheme now repealed.

### II. Statement of the Facts

This declaratory and injunctive action was filed on May 1, 1996. Plaintiffs request that the Court issue a judgment declaring certain sections of West Virginia statutes and actions taken based upon those statutes as being unconstitutional and violative of the Due Process Clause of the Fifth Amendment of the United States Constitution, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983.

1. The Honorable James H. Paige was originally named in his capacity as Commission for the Department of Tax and Revenue. However, the pleadings in this case were amended to include Robin C. Capehart as a defendant subsequent to the change in administration due to the results of the past state election.

The defendant [1] is being sued in his official capacity. Plaintiffs charge the defendant with overseeing, implementing, and enforcing those statutes and provisions which the plaintiffs challenge as unconstitutional pertaining to the imposition and collection of solid waste assessment fees.

As alleged in plaintiffs' Complaint, former West Virginia Code §§ 20–5F–5a(a), 20–5F–12, and 20–5N–4(i) imposed greater solid waste assessment fees on waste originating from outside the 'watershed' than from that solid waste generated within the 'watershed.' [2] These fees were repealed effective July 9, 1993. [3] In compliance with these statutes, plaintiffs allege they paid $139,878.01 until these specific provisions were repealed.

Further, at paragraph 171 of their Complaint, plaintiffs allege that the defendants have failed to return the aforementioned monies that were collected under the statutes which were repealed. Plaintiffs argue that, as a result of being previously subject to those discriminatory statutes, the defendants must provide retroactive monetary relief to the plaintiffs now. The defendant argues that the Eleventh Amendment to the United States Constitution precludes the plaintiffs from any retroactive monetary recovery.

### III. Discussion

Sovereign immunity is a doctrine which precludes bringing suit against the government without its consent. The Eleventh Amendment to the United States Constitution grants states similar immunity from certain suits in the federal court system. The Eleventh Amendment provides that

(t)he Judicial power of the United States shall not be construed as to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of any Foreign State.

2. Complaint, paragraph 167, page 57.

3. Complaint, paragraph 170, page 58.

*Idaho v. Coeur d'Alene Tribe of Idaho,* —— U.S. ——, ——, 117 S.Ct. 2028, 2033, 138 L.Ed.2d 438 (1997). The Supreme Court construes application of the Eleventh Amendment to permit a state to waive its Eleventh Amendment protection and allow a federal court to hear and decide a case commenced or prosecuted against it. *Id.* In the instant case, the question arises as to whether the Eleventh Amendment bars relief for past actions of state officials.

State immunity applies to those state agencies that may be properly characterized as 'arms of the State' as well as to state employees acting in their official capacity. *Harter v. Vernon,* 101 F.3d 334, 337 (4th Cir.1996) (citations omitted). State officers acting in their official capacity are entitled to Eleventh Amendment protection because a suit brought against a state official in his official capacity is not one against the individual officer, because the suit is one against the official's office. *Gray v. Laws,* 51 F.3d 426, 430 (4th Cir.1995). Therefore, it cannot be contested that this defendant is entitled to Eleventh Amendment immunity in his official capacity as the Secretary of the West Virginia Department of Tax and Revenue. Rather, the core argument is whether the retroactive relief sought by the plaintiffs strips the state official of such protection.

Interpreting *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the United States Supreme Court held that Eleventh Amendment immunity does not prevent a district court from granting prospective relief that seeks no remedy relating to past conduct. *Edelman v. Jordan,* 415 U.S. 651, 664–68, 94 S.Ct. 1347, 1356–58, 39 L.Ed.2d 662 (1974); *see also Gray v. Laws,* 51 F.3d 426, 430 n. 1 (1995). Further, the Supreme Court sets forth that although the doctrine of *Ex parte Young* ensures that state officials do not employ the Eleventh Amendment as a means of avoiding compliance with federal law, it carves out a necessary exception to Eleventh Amendment immunity. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146, 113 S.Ct. 684, 688–89, 121 L.Ed.2d 605 (1993) (citing *Green v. Mansour,* 474 U.S. 64, 68, 106 S.Ct. 423, 425–26, 88 L.Ed.2d 371 (1985)). The Supreme Court emphasizes that the exception is narrow as it applies only to prospective relief and does not permit judgments against state officers declaring that they violated federal law in the past. *Id.*

Consistent with the above reasoning, the Supreme Court recently addressed the Eleventh Amendment issue in *Idaho v. Coeur d'Alene Tribe of Idaho,* —— U.S. ——, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997). The Coeur d'Alene Indian Tribe ("the Tribe") filed an action against the state of Idaho, state agencies and state officials in federal district court. The Tribe sought to quiet title, injunctive and declaratory relief relating to submerged lands and water rights to the bed of Lake Coeur d'Alene. *Id.* at ——, 117 S.Ct. at 2032. The Tribe sought to enjoin the officers of the state from interfering and regulating the contested land which it claimed ownership over by virtue of an executive order setting the boundaries of its reservation.

The defendants moved to dismiss on the basis of Eleventh Amendment immunity. *Id.* The Ninth Circuit agreed with the district court that the Eleventh Amendment barred all claims against the state and its agencies, as well as the quiet title action against the state officials. *Id.* However, the Ninth Circuit found that *Ex parte Young* applied and allowed the claims for declaratory and injunctive relief against the officials to proceed inasmuch as they sought to preclude continuing violations of federal law. *Id.* That court reasoned that the state's ongoing interference with the Tribe's alleged ownership was premised on an 1873 Executive Order as later ratified by federal statute. The Ninth Circuit reversed the district court's dismissal of the declaratory and injunctive relief and ordered the case remanded.

Upon *certiorari,* the United States Supreme Court reversed the decision in part. Applying *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), the Court held that the Eleventh Amendment bars a suit against a state officer if the remedy is retrospective and comparable to damages. *Id.* at ——, 117 S.Ct. at 2039. The Court also interpreted that the *Ex parte Young* limitation sets forth that federal courts lack

jurisdiction to adjudicate a state's interest in property without the state's consent. *Id.* at ——, 117 S.Ct. at 2040 (citing *Florida Department of State v. Treasure Salvors, Inc.,* 458 U.S. 670, 102 S.Ct. 3304, 73 L.Ed.2d 1057 (1982)). The state of Idaho argued that because it had presumptive title to the navigable waters of Lake Coeur d'Alene, the suit could only be resolved by adjudicating the question of title. The state of Idaho argued more importantly that as it had assumed sovereignty over the contested lands for over a century, the action brought by the Tribe's resembled a suit for retroactive relief

In the case at hand, the subject statutes of the defendant's Motion to Dismiss Count I.A.(1) were repealed in 1993. The defendant is correct in the assertion that unless the state of West Virginia unequivocally consented to such a suit as outlined in Count I.A.(1), this Court has no jurisdiction to entertain the action. A federal district court is required to and must recognize a state's immunity. *Edelman v. Jordan, supra.* Here, West Virginia did not waive its immunity from suit. The state's immunity is embodied in W.Va. Const. Art. VI, § 35 which provides in part that

> The State of West Virginia shall never be made defendant in any court of law or equity, except the State of West Virginia, including any subdivision thereof, ... or any officer, ... may be made defendant in any garnishment or attachment proceeding, as a garnishee or suggestee.

■ The defendant correctly points out that the State's administrative tax refund procedure allows a remedy, but that the remedy is "exclusive" and consequently does not constitute consent to be sued in federal court. The defendant notes that the fees at issue were subject to W. Va.Code §§ 11–10–14 and 11–10–14b, which provided plaintiffs a statutory administrative remedy to seek a tax refund and which determination, in turn, is subject to judicial review. W. Va.Code § 11–10–14b(b)(2)(A) provides that "the remedies provided ... are exclusive and shall be in lieu of any and all remedies provided at common law or by other statutes." Therefore, although the state's administrative tax refund procedure allows a remedy, it is "ex-

clusive" by its express terms and does not constitute broad consent to be sued in federal court. Waiver may only be found where stated by the most express language or by such overwhelming implications from the text as will leave no room for any reasonable construction. *Edelman,* 415 U.S. at 673, 94 S.Ct. at 1360–61. Neither express language or overwhelming implications exist here.

■ A suit by private parties seeking to impose a liability payable from public funds in the state treasury is foreclosed by the Eleventh Amendment if the state does not consent to suit. *Id.* at 663, 94 S.Ct. at 1355–56. The nature of a suit against the state is to be determined by the essential nature and effect of the proceeding. *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 463–64, 65 S.Ct. 347, 350–51, 89 L.Ed. 389 (1945). As the West Virginia state statutes have long been repealed, the funds to satisfy the award plaintiffs seek in this case must inevitably come from the general revenues of the state of West Virginia. Thus, such a retroactive award would impermissibly resemble a monetary award against the state itself rather than the prospective injunctive relief awarded in *Ex parte Young.*

The plaintiffs' reliance on the narrow exception carved out by *Ex parte Young* is misplaced. *Coeur d'Alene* is directly applicable to the case at hand. Similarly to the Coeur d'Alene Indian Tribe's action against the state of Idaho, the plaintiffs in the instant case challenge that as United States District Judge Frederick P. Stamp, Jr., declared several West Virginia state statutes preliminarily unconstitutional, and, although such statutes have been repealed, that they (plaintiffs) are retroactively entitled to those monies paid out under those statutory schemes. However, in determining if the relief sought is authorized or prohibited is a question of whether

> the decree requires that payment of funds or grants other relief 'not as a necessary consequence of compliance in the future with a substantive federal question determination, but as a form of compensation' or other relief based on or flowing from violations at a prior time when the defendant

'was under no court-imposed obligation to conform to a different standard.'

*Guardians Assoc. v. Civil Serv. Comm'n of City of N.Y,* 463 U.S. 582, 603, 103 S.Ct. 3221, 3233, 77 L.Ed.2d 866 (1983) (citations omitted).

At the time that the repealed statutes were in effect, the defendant was under no obligation not to collect the differentiated solid waste fees from the plaintiffs. Since their repeal, the defendant has ceased to collect any such fees from the plaintiffs. Consequently, applying *Coeur d'Alene,* the plaintiffs demand for retroactive relief is unfounded. There is no ongoing violation of federal law so that the declaratory action regarding the past actions of state officials cannot survive. *See Green v. Mansour,* 474 U.S. 64, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985). The plaintiffs cannot be reimbursed for the fees by a suit in this Court.

### Conclusion

Therefore, the Eleventh Amendment bars this action as limited by the allegations of Count I.A.(1) of the Complaint inasmuch as the plaintiffs may not recover retroactive monetary relief *for* fees collected under a state statutory scheme now repealed.

The Court does hereby **ORDER**

1. That the defendant's Motion to Dismiss Count I.A.(1)(Document No. 93) is **GRANTED.**

2. That the stay of discovery in regard to Count I.A.(1), granted by Order of June 19, 1997, is now mooted; and further

3. That the Clerk of Court transmit copies of this order to counsel of record herein.