## PUERTO RICO AQUEDUCT AND SEWER AUTHORITY *v.* METCALF & EDDY, INC.

No. 91–1010.   Argued November 9, 1992—Decided January 12, 1993

WHITE, J., delivered the opinion of the Court, in which REHNQUIST, C. J., and BLACKMUN, O'CONNOR, SCALIA, KENNEDY, SOUTER, and THOMAS, JJ., joined. BLACKMUN, J., filed a concurring opinion, *post*, p. 147. STEVENS, J., filed a dissenting opinion, *post*, p. 148.

*Richard Taranto* argued the cause for petitioner. With him on the briefs were *Perry M. Rosen, Paige E. Reffe*, and *Michael T. Brady.*

*Peter W. Sipkins* argued the cause for respondent. With him on the brief were *Michael J. Wahoske, Paul R. Dieseth, Carol A. Peterson*, and *Jay A. Garcia-Gregory.**

---

*Briefs of *amici curiae* urging reversal were filed for the State of Ohio et al. by *Lee Fisher*, Attorney General of Ohio, and *Patrick A. Devine* and *Andrew I. Sutter*, Assistant Attorneys General, and by the Attorneys General for their respective jurisdictions as follows: *James H. Evans* of Alabama, *Grant Woods* of Arizona, *Winston Bryant* of Arkansas, *Daniel E. Lungren* of California, *Richard Blumenthal* of Connecticut, *Robert A. Butterworth* of Florida, *Michael J. Bowers* of Georgia, *Elizabeth Barrett-Anderson* of Guam, *Warren Price III* of Hawaii, *Larry EchoHawk* of Idaho, *Roland W. Burris* of Illinois, *Linley E. Pearson* of Indiana, *Bonnie J. Campbell* of Iowa, *Robert T. Stephan* of Kansas, *Chris Gorman* of Kentucky, *Michael E. Carpenter* of Maine, *Scott Harshbarger* of Massachusetts, *Frank J. Kelley* of Michigan, *Mike Moore* of Mississippi, *William L. Webster* of Missouri, *Marc Racicot* of Montana, *Frankie Sue Del Papa* of Nevada, *Robert J. Del Tufo* of New Jersey, *Tom Udall* of New Mexico, *Robert Abrams* of New York, *Lacy H. Thornburg* of North Carolina, *Nicholas J. Spaeth* of North Dakota, *Robert C. Naraja* of Northern Mariana Islands, *Susan Loving* of Oklahoma, *Charles Crookham* of Oregon, *Ernest D. Preate, Jr.*, of Pennsylvania, *Jorge E. Perez Diaz* of Puerto Rico, *James E. O'Neil* of Rhode Island, *T. Travis Medlock* of South Carolina, *Mark W. Barnett* of South Dakota, *Charles W. Burson* of Tennessee, *Dan Morales* of Texas, *Paul Van Dam* of Utah, *Jeffrey L. Amestoy* of Vermont, *Mary*

JUSTICE WHITE delivered the opinion of the Court.

The question before the Court is whether a district court order denying a claim by a State or a state entity to Eleventh Amendment immunity from suit in federal court may be appealed under the collateral order doctrine of *Cohen* v. *Beneficial Industrial Loan Corp.*, 337 U. S. 541 (1949). We conclude that it may.

## I

Petitioner, the Puerto Rico Aqueduct and Sewer Authority (PRASA), is "an autonomous government instrumentality" which functions to "provide to the inhabitants of Puerto Rico an adequate drinking water, sanitary sewage service and any other service or facility proper or incidental thereto." P. R. Laws Ann., Tit. 22, §§ 142, 144 (1987). In 1985, PRASA entered into a consent decree with the federal Environmental Protection Agency under which it agreed to upgrade many of its wastewater treatment plants to ensure compliance with the federal Clean Water Act. PRASA subsequently contracted with respondent, a private engineering firm incorporated in Delaware, to assist it with this task. In 1990, PRASA withheld payments on the contract in light of alleged overcharging by respondent. Respondent brought a diversity action in the United States District Court for the District of Puerto Rico, alleging breach of contract and damage to its business reputation.

PRASA moved to dismiss on the grounds that it was an "arm of the State," and that the Eleventh Amendment therefore prohibited the suit.[1] The District Court found that

*Sue Terry* of Virginia, *Kenneth Eikenberry* of Washington, *Mario J. Palumbo* of West Virginia, *James E. Doyle* of Wisconsin, and *Joseph B. Meyer* of Wyoming; and for the Council of State Governments et al. by *Richard Ruda, Michael G. Dzialo,* and *Clifton S. Elgarten.*

[1] As the case comes to us, the law of the First Circuit—that the Commonwealth of Puerto Rico is treated as a State for purposes of the Eleventh Amendment, see *Ramirez* v. *Puerto Rico Fire Serv.*, 715 F. 2d 694, 697 (1983)—is not challenged here, and we express no view on this mat-

petitioner did not qualify for immunity "because of its ability to raise funds for payment of its contractual obligations which do not affect the Commonwealth's funds" and denied the motion. App. to Pet. for Cert. A–9. PRASA filed a timely notice of appeal to the Court of Appeals for the First Circuit and sought to stay proceedings while the appeal was pending. The court denied the stay and subsequently dismissed the appeal for want of jurisdiction, 945 F. 2d 10, 14 (1991), concluding that First Circuit precedent barred both States and their agencies from taking an immediate appeal on a claim of Eleventh Amendment immunity. *Id.*, at 12 (discussing *Libby* v. *Marshall*, 833 F. 2d 402 (CA1 1987)).

In light of the conflict between the decision below and those of the other Courts of Appeals that have considered the issue, we granted certiorari.[2] 503 U. S. 918 (1992).

## II

Title 28 U. S. C. § 1291 provides for appeal from "final decisions of the district courts." Appeal is thereby precluded "from any decision which is tentative, informal or incomplete," as well as from any "fully consummated decisions, where they are but steps towards final judgment in which they will merge." *Cohen* v. *Beneficial Industrial Loan Corp.*, 337 U. S., at 546. Nevertheless, a judgment that is

ter. Because the Court of Appeals dismissed the appeal on jurisdictional grounds, it did "not consider the merits of PRASA's Eleventh Amendment defense and [took] no view as to whether PRASA is actually entitled to the claimed immunity." 945 F. 2d 10, 14, n. 6 (CA1 1991). We likewise express no view on the merits of the immunity claim.

[2] See *Dube* v. *State University of New York*, 900 F. 2d 587, 594 (CA2 1990), cert. denied, 501 U. S. 1211 (1991); *Coakley* v. *Welch*, 877 F. 2d 304, 305 (CA4), cert. denied, 493 U. S. 976 (1989); *Chrissy F.* v. *Mississippi Dept. of Pub. Welfare*, 925 F. 2d 844, 848–849 (CA5 1991); *Kroll* v. *Board of Trustees of University of Illinois*, 934 F. 2d 904, 906 (CA7), cert. denied, 502 U. S. 941 (1991); *Barnes* v. *Missouri*, 960 F. 2d 63, 64 (CA8 1992) *(per curiam); Durning* v. *Citibank, N. A.*, 950 F. 2d 1419, 1422 (CA9 1991); *Schopler* v. *Bliss*, 903 F. 2d 1373, 1377 (CA11 1990) *(per curiam).*

not the complete and final judgment in a case will be immediately appealable if it

> "fall[s] in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Ibid.*

Thus, in *Cohen* itself, the Court held that appeal could be taken from a district court order denying the defendant's motion to compel the plaintiffs in a shareholder derivative suit to post a bond. The Court found the order appealable because it "did not make any step toward final disposition of the merits of the case and [would] not be merged in final judgment" and because, after final judgment, it would "be too late effectively to review the present order, and the rights conferred by the [bond] statute, if it is applicable, will have been lost." *Ibid.*

The Court has held that orders denying individual officials' claims of absolute and qualified immunity are among those that fall within the ambit of *Cohen.* See *Nixon* v. *Fitzgerald,* 457 U. S. 731 (1982); *Mitchell* v. *Forsyth,* 472 U. S. 511 (1985). *Mitchell* bears particularly on the present case. There, the Attorney General of the United States appealed from a District Court order denying his motion to dismiss on grounds of qualified immunity.[3] The Court of Appeals held that the order was not appealable and remanded the case for trial. We reversed, holding that the order denying qualified immunity was a collateral order immediately appealable under *Cohen.* We found that, absent immediate appeal, the central benefits of qualified immunity—avoiding the costs and general consequences of subjecting public officials to the

---

[3] The District Court also denied absolute immunity. This order was held appealable by the Court of Appeals and was affirmed, as it was by us. *Mitchell* v. *Forsyth,* 472 U. S., at 520.

risks of discovery and trial—would be forfeited, much as the benefit of the bond requirement would have been forfeited in *Cohen*. "The entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell, supra,* at 526 (emphasis in original).

Petitioner maintains, and we agree, that the same rationale ought to apply to claims of Eleventh Amendment immunity made by States and state entities possessing a claim to share in that immunity. Under the terms of the Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." This withdrawal of jurisdiction effectively confers an immunity from suit. Thus, "this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman* v. *Jordan,* 415 U. S. 651, 662–663 (1974). Absent waiver, neither a State nor agencies acting under its control may "be subject to suit in federal court." *Welch* v. *Texas Dept. of Highways and Public Transportation,* 483 U. S. 468, 480 (1987) (plurality opinion); see also *Will* v. *Michigan Dept. of State Police,* 491 U. S. 58, 66 (1989); *Cory* v. *White,* 457 U. S. 85, 90–91 (1982); *Alabama* v. *Pugh,* 438 U. S. 781 (1978) *(per curiam); Mt. Healthy City Bd. of Ed.* v. *Doyle,* 429 U. S. 274, 280 (1977).

Once it is established that a State and its "arms" are, in effect, immune from suit in federal court, it follows that the elements of the *Cohen* collateral order doctrine are satisfied. "To come within the 'small class' of . . . *Cohen,* the order must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand* v.

*Livesay*, 437 U. S. 463, 468 (1978) (footnote omitted). Denials of States' and state entities' claims to Eleventh Amendment immunity purport to be conclusive determinations that they have no right not to be sued in federal court. Moreover, a motion by a State or its agents to dismiss on Eleventh Amendment grounds involves a claim to a fundamental constitutional protection, cf. *Lauro Lines s.r.l.* v. *Chasser*, 490 U. S. 495, 502–503 (1989) (SCALIA, J., concurring), whose resolution generally will have no bearing on the merits of the underlying action. Finally, the value to the States of their Eleventh Amendment immunity, like the benefit conferred by qualified immunity to individual officials, is for the most part lost as litigation proceeds past motion practice.[4]

Respondent, following the rationale of the First Circuit in this case and in *Libby* v. *Marshall*, 833 F. 2d 402 (1987), maintains that the Eleventh Amendment does not confer immunity from suit, but merely a defense to liability. Were this true, petitioner arguably would not be entitled to avail itself of the collateral order doctrine. See, *e. g., Van Cauwenberghe* v. *Biard*, 486 U. S. 517, 526–527 (1988). Support for this narrow view of the Eleventh Amendment is drawn mainly from *Ex parte Young*, 209 U. S. 123 (1908), under which suits seeking prospective, but not compensatory or other retrospective relief, may be brought against state officials in federal court challenging the constitutionality of official conduct enforcing state law.

---

[4] The result reached today was largely anticipated by *Ex parte New York*, 256 U. S. 490 (1921). There, private citizens brought an *in rem* libel action in Federal District Court against ships chartered and operated by New York State. New York moved to dismiss on the ground that the action was in the nature of an *in personam* proceeding and was thus barred by the Eleventh Amendment. When the District Court denied the motion, the State applied to the Court for a writ of prohibition. Although noting that the State's interest could be pressed on appeal, *id.*, at 497, the Court issued the extraordinary writ in order to vindicate fully the "fundamental" constitutional rule that a State may not be sued in federal court without its consent, *id.*, at 497, 503.

The doctrine of *Ex parte Young,* which ensures that state officials do not employ the Eleventh Amendment as a means of avoiding compliance with federal law, is regarded as carving out a necessary exception to Eleventh Amendment immunity. See, *e. g., Green* v. *Mansour,* 474 U. S. 64, 68 (1985). Moreover, the exception is narrow: It applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, *id.,* at 73, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought, *Cory* v. *White, supra.* Rather than defining the nature of Eleventh Amendment immunity, *Young* and its progeny render the Amendment wholly inapplicable to a certain class of suits. Such suits are deemed to be against officials and not the States or their agencies, which retain their immunity against all suits in federal court.

More generally, respondent's claim that the Eleventh Amendment confers only protection from liability misunderstands the role of the Amendment in our system of federalism: "The very object and purpose of the 11th Amendment were to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties." *In re Ayers,* 123 U. S. 443, 505 (1887). The Amendment is rooted in a recognition that the States, although a union, maintain certain attributes of sovereignty, including sovereign immunity. See *Hans* v. *Louisiana,* 134 U. S. 1, 13 (1890). It thus accords the States the respect owed them as members of the federation. While application of the collateral order doctrine in this type of case is justified in part by a concern that States not be unduly burdened by litigation, its ultimate justification is the importance of ensuring that the States' dignitary interests can be fully vindicated.[5]

---

[5] For this reason, the First Circuit's attempt to distinguish *Mitchell* v. *Forsyth,* 472 U. S. 511 (1985), on the grounds that the States, as compared to individual officials, are better able to bear the burden of litigation,

Respondent argues in the alternative that a distinction should be drawn between cases in which the determination of a State or state agency's claim to Eleventh Amendment immunity is bound up with factual complexities whose resolution requires trial and cases in which it is not. See Tr. of Oral Arg. 30–32; cf. *Dube* v. *State University of New York*, 900 F. 2d 587, 594 (CA2 1990) (immediate appeal will lie where immunity can be found as a matter of law), cert. denied, 501 U. S. 1211 (1991). On this view, for example, an order denying a motion to dismiss a suit against a named State would be immediately appealable, whereas the same order, when issued in a suit which presents difficult factual questions as to whether an agency is an "arm of the State," would not. We see little basis for drawing such a line. See *Mitchell* v. *Forsyth*, 472 U. S., at 527–529, and n. 10. In any event, it does not appear to us that the determination of PRASA's status under the Eleventh Amendment implicates any extraordinary factual difficulty and the issue of its entitlement to immunity can be fully explored in the Court of Appeals on remand.

### III

We hold that States and state entities that claim to be "arms of the State" may take advantage of the collateral order doctrine to appeal a district court order denying a claim of Eleventh Amendment immunity. The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

JUSTICE BLACKMUN, concurring.

I join the Court's opinion but write separately to make plain once again my position on one feature. I continue to

---

fails. See *Libby* v. *Marshall*, 833 F. 2d 402, 406 (1987). The Eleventh Amendment is concerned not only with the States' ability to withstand suit, but with their privilege not to be sued.

believe that the Court's interpretation of the Eleventh Amendment as embodying a broad principle of state immunity from suit in federal court "simply cannot be reconciled with the federal system envisioned by our Basic Document and its Amendments." *Atascadero State Hospital* v. *Scanlon*, 473 U. S. 234, 303 (1985) (BLACKMUN, J., dissenting). Nevertheless, because I believe that the Eleventh Amendment does preserve a State's immunity from suit in the limited context of an action by a citizen of another State or of a foreign country on a state-law cause of action brought in federal court, *id.*, at 301 (Brennan, J., dissenting), a claim of immunity under the Eleventh Amendment ought to be appealable immediately. Whether the assertion of an Eleventh Amendment claim is well founded—a matter not before us in this case, see *ante*, at 141–142, n. 1—is a question separate from the question whether the Eleventh Amendment interests are "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen* v. *Beneficial Industrial Loan Corp.*, 337 U. S. 541, 546 (1949). Because I believe that the Eleventh Amendment does guarantee immunity from suit in a narrow class of cases, I concur in the Court's opinion and judgment that, regardless of the merits, a district court's denial of a claim of immunity under the Eleventh Amendment should be appealable immediately. See *Sullivan* v. *Finkelstein*, 496 U. S. 617, 632 (1990) (opinion concurring in judgment).

JUSTICE STEVENS, dissenting.

This case arises out of a commercial dispute between respondent, a private engineering firm, and the Puerto Rico Aqueduct and Sewer Authority (PRASA or Authority). The parties entered into a multimillion dollar contract providing for the construction of extensive improvements to Puerto Rico's wastewater treatment facilities. Respondent brought suit in the Federal District Court for the District of

Puerto Rico alleging breach of contract. The Authority filed a motion to dismiss, claiming that the action was barred by the Eleventh Amendment. The District Court concluded that the claim had no merit and denied the motion to dismiss. The Court of Appeals dismissed PRASA's appeal from that order because it was not final within the meaning of 28 U. S. C. § 1291.

If the Authority were a private litigant engaged in a commercial dispute, it would be perfectly clear that the dismissal of its appeal was required by our precedents. For the denial of a motion to dismiss on jurisdictional grounds—a motion that asserts that the defendant cannot be sued in a particular forum—is not a final order within the meaning of § 1291. *Van Cauwenberghe* v. *Biard,* 486 U. S. 517, 526–527 (1988); *Catlin* v. *United States,* 324 U. S. 229, 236 (1945). In this case, PRASA makes the same assertion—namely, that it may not be sued in a federal forum, but rather must be sued in another court. Brief for Petitioner 4–5.

Nonetheless, despite our decisions in *Biard* and *Catlin,* the Court holds that when a State or state entity claiming to be an "arm of the State" asserts that it cannot be sued in a federal forum because of the Eleventh Amendment, the "final decision" rule must give way and the claim must be subject to immediate appellate review. The Court reasons that such a claim is analogous to a government official's claim of absolute or qualified immunity, which we have held is subject to interlocutory appeal. *Nixon* v. *Fitzgerald,* 457 U. S. 731 (1982); *Mitchell* v. *Forsyth,* 472 U. S. 511 (1985). I cannot agree.

The defense of absolute or qualified immunity is designed to shield government officials from liability for their official conduct. In the absence of such a defense, we have held, "officials would hesitate to exercise their discretion in a way injuriously affecting the claims of particular individuals even when the public interest required bold and unhesitating action." *Nixon* v. *Fitzgerald,* 457 U. S., at 744–745 (internal

quotation marks and citation omitted). Because the specter of a long and contentious legal proceeding in and of itself would inhibit government officials from exercising their authority with the freedom and independence necessary to serve the public interest, we have held that claims of absolute or qualified immunity are subject to immediate appeal. *Id.*, at 742–743; *Mitchell* v. *Forsyth*, 472 U. S., at 526–527.

While the Eleventh Amendment defense available to States and state entities is often labeled an "immunity," that label is virtually all that it has in common with the defense of absolute or qualified immunity. In contrast to the latter, a defense based on the Eleventh Amendment, even when the Amendment is read at its broadest, does not contend that the State or state entity is shielded from liability for its conduct, but only that the federal courts are without jurisdiction over claims against the State or state entity. See *ante*, at 144. Nothing in the Eleventh Amendment bars respondent from seeking recovery in a different forum. Indeed, as noted above, petitioner acknowledges that it is not seeking immunity for its conduct, but merely that the suit be brought in the courts of the Commonwealth of Puerto Rico. Brief for Petitioner 4–5.

Plainly, then, the interests underlying our decisions allowing immediate appeal of claims of absolute or qualified immunity do not apply when the so-called "immunity" is one based on the Eleventh Amendment. *Whether* petitioner must bear the burden, expense, and distraction of litigation stemming from its contractual dispute with respondent has nothing whatsoever to do with the Eleventh Amendment; the Eleventh Amendment only determines *where*, or more precisely, *where not*, that suit may be brought.* Because the Amendment goes to the jurisdiction of the federal court, as opposed to the underlying liability of the State or state en-

---

*Not surprisingly, we have expressly characterized the Eleventh Amendment defense, albeit in a different context, as "partak[ing] . . . of a jurisdictional bar." *Edelman* v. *Jordan*, 415 U. S. 651, 678 (1974).

tity, *Biard* and *Catlin*, not *Nixon* and *Mitchell*, are the relevant precedent for determining whether PRASA's claim is subject to interlocutory appeal.

If indeed the interests underlying our decisions permitting immediate appeal of claims of absolute or qualified immunity do not apply to a State or state entity's objection to federal jurisdiction on Eleventh Amendment grounds, what then is driving the Court to hold that PRASA's claim under the Eleventh Amendment is subject to immediate appeal? The Court tells us, *ante*, at 146: "[The] ultimate justification is the importance of ensuring that the States' dignitary interests can be fully vindicated." Whereas a private litigant must suffer through litigation in a federal tribunal despite his claim that the court lacks jurisdiction, *e. g.*, *Biard* and *Catlin*, a State or state entity must be protected from the "*indignity*" of having to present its case—as to both the court's jurisdiction and the underlying merits—in the neutral forum of a federal district court.

I find that rationale to be embarrassingly insufficient. The mandate of § 1291 that appellate jurisdiction be limited to "final decisions of the district courts" is not predicated upon "mer[e] technical conceptions of 'finality,'" *Catlin*, 324 U. S., at 233, but serves important interests concerning the fair and efficient administration of justice. The "final decision" rule preserves the independence of the trial judge and conserves the judicial resources that are necessarily expended by piecemeal appeals. Moreover, and of particular relevance to this case, it serves an important "fairness" purpose by preventing "the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise . . . ." *Firestone Tire & Rubber Co.* v. *Risjord*, 449 U. S. 368, 374 (1981) (internal quotation marks and citation omitted). Sacrificing those interests in the name of preserving the freedom and independence that government officials need to carry out their official du-

ties is one thing; doing so out of concern for the "dignitary" interest of a State or, in this case, a state aqueduct and sewer authority, is quite another.

For me, the balance of interests is easy. The cost to the courts and the parties of permitting piecemeal litigation of this sort clearly outweighs whatever benefit to their "dignity" States or state entities might derive by having their Eleventh Amendment claims subject to immediate appellate review. I would therefore hold, as did the court below, that the denial of a motion to dismiss on Eleventh Amendment grounds is not subject to immediate appellate review. Accordingly, I respectfully dissent.