United States Court of Appeals,

Fifth Circuit.

No. 96-20146.

Ronald SHERWINSKI, Plaintiff-Appellee,

v.

Jerry PETERSON, Warden of the Texas Department of Criminal Justice, Institutional Division, Wynne Unit, et al., Defendants,

Texas Department of Criminal Justice, Defendant-Appellant.

Nov. 4, 1996.

Appeal from the United States District Court for the Southern District of Texas.

Before WISDOM, JOLLY and BENAVIDES, Circuit Judges.

WISDOM, Circuit Judge.

Ronald Sherwinski, a Texas state prisoner, filed suit against prison officials and a prison doctor asserting a claim for damages based on their alleged deliberate indifference to his serious medical needs in violation of the Eighth Amendment and 42 U.S.C. § 1983. He asserted a supplemental state law claim against the Texas Department of Criminal Justice, Institutional Division (the "Department") under the Texas Tort Claims Act.[1] The Department filed a motion to dismiss arguing that the Act provided for suit against the Department only in state court and asserting immunity from suit in federal court under the Eleventh Amendment. The district court denied the Department's motion to dismiss, stating that "[u]ntil the factual and legal basis of the case has been further developed, no defendants will be dismissed". The Department appeals this decision.

*Jurisdiction*

Title 28 U.S.C. § 1291 provides that "[t]he courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States". Appeal is thereby precluded "from any decision which is tentative, informal, or incomplete", as well as from any "fully consummated

---

[1]Tex.Civ.Prac. & Rem.Code Ann. § 101.001 et seq. (West 1986 & Supp.1996).

1

decisions, where they are but steps towards final judgment in which they will merge".[2] Under the collateral order doctrine, a decision, not otherwise final, is appealable if the decision "fall[s] in that small class [of interlocutory decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated. The Court has long given [§ 1291] this practical rather than a technical construction." States and state entities may take advantage of the collateral order doctrine to appeal a district court order denying a claim of Eleventh Amendment immunity.[3]

The district court's order does not deny the Department's motion to dismiss based on an express finding of no immunity, but the end result is the same—the Texas Department of Criminal Justice, an arm of the State of Texas, is still involved in this litigation. "The very object and purpose of the Eleventh Amendment [is] to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties."[4] Furthermore, "the value to the States of their Eleventh Amendment immunity ... is for the most part lost as litigation proceeds past motion practice".[5] This Court, therefore, has jurisdiction over this appeal under the collateral order doctrine.

*Eleventh Amendment*

The Supreme Court has held that an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.[6] Absent waiver, neither a

---

[2] *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949).

[3] *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 147, 113 S.Ct. 684, 689, 121 L.Ed.2d 605 (1993); *Loya v. Texas Department of Corrections,* 878 F.2d 860, 861 (5th Cir.1989).

[4] *Id.* at 146, 113 S.Ct. at 689, *quoting, In re Ayers,* 123 U.S. 443, 505, 8 S.Ct. 164, 183, 31 L.Ed. 216 (1887).

[5] *Id.*

[6] *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1355-56, 39 L.Ed.2d 662 (1974).

2

state nor agencies acting under its control are subject to suit in federal court.[7] The Plaintiff brings suit under the Texas Tort Claims Act. The Act specifically provides that "[a] suit under this chapter *shall* be brought *in state court* in the county in which the cause of action arose or a part of the cause of action arises".[8] A state does not waive Eleventh Amendment immunity in federal courts merely by waiving sovereign immunity in its own courts.[9] "A state's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued."[10] "In deciding whether a state has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated "by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction' ".[11]

Applying this standard, we find that the statute waives sovereign immunity in state court only. This is the only reasonable construction of the statute. The Act clearly does not waive Eleventh Amendment immunity to suit in federal courts. The district court order denying the Department's Motion to Dismiss is REVERSED and the case is REMANDED to the district court for the entry of an order dismissing the state law claim against the Department.

---

[7]*Puerto Rico Aqueduct,* 506 U.S. at 144, 113 S.Ct. at 687-88.

[8]Tex.Civ.Prac. & Rem.Code Ann. § 101.102(a) (West 1986 & Supp.1996) (emphasis added). Prior to a 1987 amendment, § 101.102 provided: "A suit under this chapter shall be brought in the county in which the cause of action or a part of the cause of action arises." Tex.Civ.Prac. & Rem.Code Ann. § 101.102(a) (West 1986). The 1987 amendment inserted the phrase "*in state court* ". This amendment makes it clear that the legislative intent was to waive sovereign immunity in state court only.

[9]*Welch v. Department of Highways and Public Transportation,* 483 U.S. 468, 473-74, 107 S.Ct. 2941, 2945-46, 97 L.Ed.2d 389 (1987).

[10]*Id.* at 473, 107 S.Ct. at 2946, *quoting, Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 99, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984) (emphasis in original).

[11]*Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1360-61, 39 L.Ed.2d 662 (1974), *quoting, Murry v. Wilson Distilling Co.,* 213 U.S. 151, 171, 29 S.Ct. 458, 464, 53 L.Ed. 742 (1909).