In re VALUE–ADDED
COMMUNICATIONS,
INC., Debtor.

**Charles BREWER, Trustee for the Value–Added Communications, Inc. Litigation Trust, Plaintiff/Appellee,**

v.

**NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Defendant/Appellant.**

No. CIV.A. 3:97–CV–2494–P.

United States District Court,
N.D. Texas,
Dallas Division.

Nov. 21, 1997.

---

Craig Averch, Neligan & Avrch, L.L.P., Dallas, TX, for Charles Brewer, Trustee.

Joe E. Marshall, Munsch, Hardt, Kopf, Harr & Dinan, P.C., Dallas, TX, for New York State Dept. of Correctional Services.

## MEMORANDUM OPINION AND ORDER

SOLIS, District Judge.

Now before the Court are the following:

1. Defendant's Motion for Leave to Appeal, filed October 9, 1997;

2. Trustee's Opposition to Defendant's Motion for Leave to Appeal, filed October 17, 1997; and

3. Defendant's Reply to Trustee's Opposition to Defendant's Motion for Leave to Appeal, filed October 31, 1997.

### PROCEDURAL BACKGROUND

On June 2, 1997, Charles Brewer, Trustee for Value–Added Communications, Inc. Litigation Trust ("Trustee") filed a Complaint for Avoidance and Recovery of Preferential and Post–Petition Transfers ("Complaint"), thereby initiating the above-captioned adversary proceeding ("Adversary Proceeding"). On or about July 11, 1997, New York State Department of Correctional Services ("Defendant" or "NYDOCS") filed a motion to dismiss the Complaint on the grounds that (1) the Bankruptcy Court lacked subject matter jurisdiction, (2) the Bankruptcy Court lacked jurisdiction over the Defendant, and (3) the Trustee failed to state a claim upon which relief could be granted. On September 10, 1997, the Bankruptcy Court entered an Order denying Defendant's motion to dismiss ("the Order"). Trial on the Complaint is currently set for December 15, 1997.

In the present action, Defendant seeks leave to appeal the Order only on the

grounds that the Bankruptcy Court erred in denying its motion to dismiss based upon the State's immunity from suit under the Eleventh Amendment to the United States Constitution. For the reasons stated herein, the Court hereby GRANTS the Defendant's Motion for Leave to Appeal.

## JURISDICTION

By statute, a district court has jurisdiction "to hear appeals from final judgments, orders, and decrees ... of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under § 157 of [Title 28]." *See* 28 U.S.C. § 158(a)(1). Additionally, a district court may obtain jurisdiction to hear an appeal from a bankruptcy court's interlocutory order if it grants a party leave to appeal that order. *See* 28 U.S.C. § 158(a)(3). In the present action, Defendant asserts that this Court has jurisdiction over the subject matter of this motion pursuant to either § 158(a)(1) or § 158(a)(3). (Defendant's Motion for Leave to Appeal, at 2). Because the Court concludes that the denial of the Defendant's motion to dismiss is immediately appealable under the collateral order exception to the final judgment rule, the Court finds that it has jurisdiction under 28 U.S.C. § 158(a)(1), and it need not determine whether jurisdiction is also proper under 28 U.S.C. § 158(a)(3).

## DISCUSSION

In the present action, the parties agree that the September 10, 1997 Order was not final within the meaning of 28 U.S.C. § 158(a)(1). However, under the collateral order doctrine a judgment is immediately appealable if it "fall[s] in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated". *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143,

113 S.Ct. 684, 687, 121 L.Ed.2d 605 (1993) (*citing Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949)); *Sherwinski v. Peterson*, 98 F.3d 849, 851 (5th Cir.1996).

■ To come under the ambit of the collateral order doctrine, an order must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment. *Puerto Rico Aqueduct & Sewer Auth.*, 506 U.S. at 143, 113 S.Ct. at 687 (*citing Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457–58, 57 L.Ed.2d 351 (1978)). In *Puerto Rico Aqueduct & Sewer*, the Supreme Court concluded that a district court's interlocutory order denying a claim of Eleventh Amendment immunity satisfies the elements of the collateral order doctrine. *See Puerto Rico Aqueduct & Sewer*, 506 U.S. at 147, 113 S.Ct. at 689 (finding that a denial of Eleventh Amendment immunity: [1] purports to be a conclusive determination that the State is subject to suit; [2] involves a claim to a fundamental constitutional protection that generally has no bearing on the merits of the underlying action; [3] decreases in value to the State as the litigation proceeds past motion practice).

In opposition to Defendant's motion, the Trustee essentially makes two arguments.[1] First, the Trustee asserts that the three elements of the collateral order exception are not met with respect to the Bankruptcy Court's Order. (Trustee's Opposition to Defendant's Motion for Leave to Appeal, at 14). Second, the Trustee alleges that the collateral order exception, as announced by the Supreme Court in *Puerto Rico Aqueduct & Sewer Auth.*, applies only to an appeal from a district court's order. *Id.*

■ As his initial argument, the Trustee asserts that the third element of the collateral order exception is not met because, under Fifth Circuit case law, the Order would be reviewable by the district court once the Bankruptcy Court issued a final judgment in

---

1. In addition to the arguments set forth herein, the Trustee asserts various reasons why the Court should not extend discretionary jurisdiction under 28 U.S.C. § 158(a)(3). Because jurisdiction is present under 28 U.S.C. § 158(a)(1), the Court will not address the Trustee's arguments on the discretionary jurisdiction issue.

the Adversarial Proceeding. *See In re Aucoin*, 35 F.3d 167, 170 (5th Cir.1994) (finding that the elements of the collateral order doctrine were not satisfied by the bankruptcy court's order granting motion to extend time to object because that order was reviewable on appeal). This argument, however, ignores the distinction made by the Supreme Court with respect to a denial of a State's claim of Eleventh Amendment immunity. *See Puerto Rico Aqueduct & Sewer*, 506 U.S. at 144, 113 S.Ct. at 687–88. By analogizing to the rationale employed in claims for qualified immunity, the Court found that denials of Eleventh Amendment immunity were effectively unreviewable on appeal because "the value to the States of their Eleventh Amendment immunity, like the benefit conferred by qualified immunity to individual officials, is for the most part lost as litigation proceeds past motion practice." *Id.* at 145, 113 S.Ct. at 688. The value the Supreme Court referred to is an entitlement to "immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Id.* at 144, 113 S.Ct. at 687. Therefore, while a denial of a State's claim of Eleventh Amendment immunity is technically open to review on appeal of a final judgment, requiring a state to litigate to a final judgment would undermine the unique protection afforded the States by the Eleventh Amendment. Therefore, despite the Trustee's arguments to the contrary, the Court concludes that the Order denying Defendant's motion to dismiss predicated on Eleventh Amendment immunity is effectively unreviewable on appeal.

■ Next, the Trustee argues that the second element of the collateral order doctrine is not satisfied because the immunity issue is not separate from the merits of the underlying action. (Trustee's Opposition to Defendant's Motion for Leave to Appeal, at 15.) Specifically, the Trustee contends that the question of whether immunity was waived is a factual issue at the heart of the dispute between the Trustee and Defendant. The Court is not persuaded by this argument. Addressing this issue in the context of qualified immunity, the Supreme Court "recognized that a question of immunity is

separate from the merits of the underlying action ... even though a reviewing court must consider the plaintiff's factual allegations in resolving the immunity issue." *Mitchell v. Forsyth*, 472 U.S. 511, 527, 105 S.Ct. 2806, 2816, 86 L.Ed.2d 411 (1985); *see also Puerto Rico Aqueduct & Sewer*, 506 U.S. at 147, 113 S.Ct. at 689 (declining to draw a distinction for collateral order doctrine purposes between cases in which the determination of a State or state agency's claim to Eleventh Amendment immunity is bound up with factual complexities and cases in which it is not). Consequently, the second element of the collateral order doctrine is satisfied even though the Court may need to examine the facts of the underlying action in order to make its determination on the immunity issue.

■ Finally, the Trustee argues that the Supreme Court's holding in *Puerto Rico Aqueduct & Sewer* is limited to interlocutory appeals of a district court order denying a claim of Eleventh Amendment immunity. (Trustee's Opposition to Defendant's Motion for Leave to Appeal, at 16). The Trustee, however, provides no case law to support the proposition that the collateral order exception to the final judgment rule does not apply to orders from bankruptcy courts. Rather, the Trustee simply concludes that "until there is a district court order, under *Puerto Rico Aqueduct & Sewer*, the exception does not apply." *Id.* The Court disagrees with the Trustee's assertion. There is nothing in *Puerto Rico Aqueduct & Sewer* which indicates that the Supreme Court intended to limit the collateral order exception exclusively to appeals of district court orders. Rather, the policy considerations regarding Eleventh Amendment immunity which underlie the decision in that case are logically applicable to the present action. Consequently, the Court concludes that the Supreme Court's holding in *Puerto Rico Aqueduct & Sewer* does not prevent Defendant from appealing the Order under the collateral order exception to the final judgment rule.

## CONCLUSION

For the reasons stated, the Court hereby **GRANTS** the Defendant's Motion for Leave

to File an Appeal. In accordance with Fed. R. Bank. P. 8009(a), the appellant is hereby instructed to serve and file a brief within 15 days of the date this Order is filed; the appellee is instructed to serve and file a brief within 15 days after service of the brief of the appellant; and the appellant may serve and file a brief within 10 days after service of the brief of the appellee.

So Ordered.