# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

—————————

No. 98-30986
Summary Calendar

—————————

## WILLIE MARTIN,

Plaintiff-Appellee,

VERSUS

## UNKNOWN SCHOTT, Captain, et al.,

Defendants,

## EDDIE VEAL, Lieutenant; WILLIE WASHINGTON, Lieutenant; NORRIS BONTON, Sergeant,

Defendants-Appellants.

—————————

Appeal from the United States District Court
for the Middle District of Louisiana
(96-CV-3342)

—————————

September 20, 1999

Before SMITH, BARKSDALE, and
    EMILIO M. GARZA, Circuit
Judges.

JERRY E. SMITH, Circuit Judge:[*]

Willie Martin sued prison employees under 42 U.S.C. § 1983, alleging they used excessive force in violation of the Constitution and Louisiana tort law. Appellants moved for dismissal of the state law claims, asserting Eleventh Amendment immunity. The court denied the motion, and, finding no error, we affirm.[1]

—————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] An order denying Eleventh Amendment immunity is immediately appealable under the collateral order doctrine, to the extent the order turns on issues of law. *See Sherwinski v. Peterson*, 98 F.3d 849, 851 (5th Cir. 1996).

## I.

Appellants contend that the court erroneously failed to make a *de novo* review of objected-to portions of the magistrate judge's recommendation, as required by 28 U.S.C. § 636(b)(1)(C).[2] Although the court used unfortunate language in ruling that "[d]efendants' [objections] . . . do not require de novo review," in context it is evident that the court complied with the requirements of § 636(b)(1)(C) by stating that "[t]he court has carefully considered the petition, the record, the law applicable to this action, [and] the [Magistrate's] Report and Recommendation."

The text of § 636(b)(1)(C) and the related rule 72(b) make plain that a court's "*de novo*" determination may be based solely on the record and that the court may accept the magistrate judge's recommended decision in its entirety; for example, rule 72(b) provides that the district court "shall make a de novo determination upon the record, or after additional evidence . . . . The district judge

---

[2] The relevant part of § 636(b)(1)(C) provides:

A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

Similarly, FED. R. CIV. P. 72(b) states:

The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." As stated in *United States v. Raddatz*, 447 U.S. 667, 676 (1980), the purpose of the section is to "permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations."

The court reviewed the appellants' objections and all other relevant material and made an independent decision to adopt the recommendation, in accordance with § 636. Although the court's words were somewhat off the mark, a remand would be a waste and would result in no change in the result.

## II.

Appellants contend the Eleventh Amendment bars a Louisiana state law claim brought in federal court against a state employee in his individual capacity for what may be found to be wrongful and intentional acts. The court rejected this contention, as do we.

This issue was addressed in *Reyes v. Sazan*, 168 F.3d 158 (5th Cir. 1999), in which we held that the Eleventh Amendment is not a bar to a state law claim asserted against a state employee individually where there is a fact issue as to whether he will be indemnified by the state treasury. *See id.* at 162-63. Under LA. REV. STAT. 13:5108.2(B), a state employee will not be indemnified if the damage at issue resulted from his "intentional wrongful act or gross negligence."

Plaintiff has alleged that appellants used excessive force "without any provocation whatsoever and for no apparent reason other than to deliberately, maliciously, and sadistically inflict physical pain and harm." Thus, there is a fact issue regarding whether the alleged acts occurred, and if so whether they were committed in a wrongful and intentional manner. As in *Reyes*, "[b]ecause there is at least a fact issue concerning whether the officers here acted intentionally or with gross negligence, the officials might not

receive indemnification." *Reyes*, 168 F.3d at 163. Therefore, there is no Eleventh Amendment bar to the state law claims.

AFFIRMED.