# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No.  01-40503

THOMAS E. SIMMONS,                                              Plaintiff - Appellee,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
A State Governmental Agency; ET AL.,                            Defendants,

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
A State Governmental Agency,                                    Defendant - Appellant.

Appeal from the United States District Court
for the Southern District of Texas
C-98-CV-547

March 21, 2002

Before EMILIO M. GARZA, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

The Texas Department of Criminal Justice ("TDCJ") appeals from an order denying its motion

to dismiss Thomas Simmons's ("Simmons") Title II claim under the Americans with Disabilities Act

---

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

("ADA"), 42 U.S.C. § 12132, <u>et seq.</u> (1995).   For the following reasons, we hereby VACATE and REMAND with instructions.

FACTUAL AND PROCEDURAL HISTORY

Simmons is an inmate currently incarcerated at the TDCJ Institutional Division.  Due to an injury from a gun shot wound and a herniated disc, prison officials have classified him as permanently disabled.  As a result, he has been prevented from performing any work duties, including participation in an on-the-job training program ("OJT Program").  Through the program, prisoners receive good time credits toward an early release from prison.  Simmons requested that he be allowed to perform sedentary work in the library in accordance with the OJT Program.  Prison officials denied his request.

Proceeding *pro se* and *in forma pauperis*, Simmons filed suit alleging discrimination under Title II of the ADA.  Simmons sought declaratory and injunctive relief, as well as monetary damages.  Simmons originally named individual prison officials in their official capacities as defendants.  However, the district court dismissed them from the suit, finding, in part, that there was no reason to resort to a suit against the individuals in their official capacities, as long as the ADA permitted a suit against the TDCJ.  The TDCJ filed a motion for summary judgment claiming Eleventh Amendment immunity and various other defenses.  Simmons also filed a motion for summary judgment.  Both motions were denied.  The TDCJ herein appeals the denial of its motion to dismiss on Eleventh Amendment immunity grounds.

JURISDICTION AND STANDARD OF REVIEW

Under the collateral order doctrine, we have jurisdiction over an appeal from a denial of a motion to dismiss based on sovereign immunity.  <u>See, e.g.,</u> <u>Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 141 (1993).  Whether a state is entitled to Eleventh Amendment

2

immunity is a question of law, which we review *de novo*. See, e.g., AT&T Communications v. BellSouth Telecommunications, Inc., 238 F.3d 636, 643 (5th Cir. 2001).

## I.    Abrogation of Eleventh Amendment Immunity

In Reickenbacker v. Foster, we determined that Title II of the ADA did not validly abrogate Eleventh Amendment sovereign immunity. 274 F.3d 974, 975 (5th Cir. 2001). In that opinion, we found that, based on principles set forth in recent Supreme Court decisions regarding the Eleventh Amendment, Congress exceeded its powers under Section 5 of the Fourteenth Amendment when it applied Title II of the ADA to the states. Id. at 983; see also Garrett v. Bd. of Trustees of the Univ. of Ala., 531 U.S. 356, 360-74 (2001) (holding that Title I of the ADA did not validly abrogate state sovereign immunity); Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 82-92 (2000) (holding that the Age Discrimination in Employment Act did not validly abrogate state sovereign immunity).

In the instant action, the district court denied the TDCJ's motion without prejudice pending the Supreme Court's further development of the doctrine of sovereign immunity in Garrett. The district court was aware of the potential value of Garrett, and could not have relied on Reickenbacker, as it post-dated the court's decision. We therefore REMAND for the district court to reconsider the question of Eleventh Amendment immunity in light of Reickenbacker.

## II.    Ex Parte Young

Simmons and the Government, as intervenor, request that if the ADA did not validly abrogate sovereign immunity, the case be allowed to proceed against the named individual prison officials in their official capacities under the Ex Parte Young doctrine. 209 U.S. 123, 159-60 (1908) (holding that the Eleventh Amendment does not prohibit suits against state officials where the relief sought is injunctive). In Reickenbacker, the plaintiffs' original complaint named state officials as defendants. 274 F.3d at 976 n.9. However, they subsequently amended their complaint to remove the state

3

officials.  Id.  The plaintiffs argued that the Ex parte Young exception should remain open to them because they originally named the state officials as defendants.  Id.  We found that the Ex parte Young exception was not available because after the complaint was voluntarily amended, there was no longer an effort to proceed properly under the exception.  Id.  By contrast, in the case before this Court, the district court dismissed the claims against the named officials for injunctive relief, over the objection of Simmons, in part due to its belief that a valid abrogation of sovereign immunity existed.  We therefore REMAND for a reconsideration of the prior dismissals of the named state officials in light of Reickenbacker.

The district court might consider appointing counsel to assist Simmons, if he so requests, in order that this complex Ex Parte Young issue may be decided after full briefing by the parties.  For the foregoing reasons, we VACATE and REMAND to the district court for further proceedings not inconsistent with this opinion.

VACATED and REMANDED.