United States Court of Appeals
Fifth Circuit

**F I L E D**

September 29, 2003

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 03-40195
Summary Calendar

_____

HERBERT HINES,

Plaintiff-Appellant,

versus

STATE OF TEXAS; RICK PERRY, Governor of Texas; JOHN CORNYN,
Texas Attorney General; TEXAS BOARD OF PARDONS & PAROLES;
GERALD GARRETT; ET AL.,

Defendants-
Appellees.

-----------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:02-CV-311
-----------------------------------------------------------

Before SMITH, DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Herbert Hines, Texas prisoner # 658911, has appealed the district court's judgment dismissing

his civil rights complaint pursuant to 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(c). Hines has

moved for leave to supplement the record with documents from his prison grievance proceedings.

The motion is denied. See Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

"The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." Perez v. Region 20 Educ. Service Center, 307 F.3d 318, 326 (5th Cir. 2002). State officials are immune under the Eleventh Amendment when they are sued in their official capacities. Edelman v. Jordan, 415 U.S. 651, 663 (1974). Section 1983 does not include a waiver of the states' sovereign immunity. Quern v. Jordan, 440 U.S. 332, 338 (1979). Texas has not waived its Eleventh-Amendment immunity. Sherwinsky v. Peterson, 98 F.3d 849, 852 (5th Cir. 1996). The district court did not err in dismissing Hines's claims against the State of Texas, various state agencies, and state officials in their official capacity.

The district court concluded, based upon documents submitted by Hines with his complaint, that Hines had not shown that he had exhausted his administrative remedies as to his claims against most of the defendants who were sued in their individual capacities. See 42 U.S.C. § 1997e(a). Hines contends that he should not be required to exhaust administrative remedies because his complaint does not challenge "prison conditions." This argument is without merit. See Porter v. Nussle, 534 U.S. 516, (2002); Clifford v. Gibbs, 298 F.3d 328, 330 (5th Cir. 2002).

Hines argues for the first time on appeal that the district court should have given him an opportunity to demonstrate that his claims were exhausted before dismissing his complaint; and that documents filed along with his motion to supplement the record on appeal demonstrate that he could have made such a showing. Because Hines did not raise this issue in his objections to the magistrate judge's report and recommendation, we review it for plain error. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Hines had two opportunities to demonstrate that he had exhausted his claims — at the time he filed his complaint and at the time he

filed objections to the report and recommendation. The complaint form directs the plaintiff to demonstrate exhaustion by attaching copies of step two grievances and Hines was warned by the magistrate judge that the failure to file written objections to the report and recommendation would result in plain error review of unobjected to factual findings and legal conclusions. Accordingly, no error is apparent, plain or otherwise. Moreover, Hines's retaliation claims are frivolous and the failure to provide him with yet another opportunity to demonstrate exhaustion will not "seriously affect the fairness, integrity or public reputation of judicial proceedings." Highlands Ins. Co. v. Nat'l Union Fire Ins. Co., 27 F.3d 1027, 1032 (5th Cir. 1994).

"This Court reviews *de novo* a district court's dismissal of a § 1983 suit for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e." Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003). "Dismissal under § 1997e is made on pleadings without proof." Id. at 866 (internal quotation marks omitted). "The Texas Department of Criminal Justice currently provides a two-step procedure for presenting administrative grievances." Id. at 864 n.2 (internal quotation marks omitted).

As to the individual defendants, the materials filed by Hines in the district court show that he exhausted his claims by filing step two grievances with regard to Assistant Warden Robert Chance, Captain Mark Tomblin, and counsel substitute Sandra Rutherford only. The claims against counsel substitute Ray Simon and Captain Victor Boston should have been dismissed without prejudice for failure to exhaust state remedies. The district court did not err in dismissing without prejudice the claims against the other individual defendants.

The district court dismissed Hines's retaliation claims as conclusional and frivolous. At best, the allegations in Hines's complaint show only that Hines has a subjective belief that he has been

retaliated against because of his litigiousness. See Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997). At worst, Hines merely wants to relitigate the claims asserted in the prior civil actions and prison grievances. It cannot be plausibly inferred from Hines allegations that he has been retaliated against because he exercised his constitutional right of access to the courts. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

The district court also did not err in holding that Hines's claims challenging the legality of certain prison disciplinary proceedings are not cognizable under the rule in Edwards v. Balisok, 520 U.S. 641, 648 (1997).

Because Hines's appeal is without arguable merit, it is recommended that it be dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous will count as a "strike" under 28 U.S.C. § 1915(g), as did the district court's dismissal of Hines's complaint pursuant to 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(c). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Additionally, this court affirmed the district court's dismissal of a prior lawsuit as frivolous in Hines v. Zeller, No. 01-40380 (5th Cir. Oct. 25, 2001) (unpublished). Accordingly, the 28 U.S.C. § 1915(g) sanction has been imposed and Hines may not while a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under 28 U.S.C. § 1915, unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; MOTION DENIED; SANCTION IMPOSED.