# United States Court of Appeals for the Federal Circuit

03-1380

COMPETITIVE TECHNOLOGIES, INC.,

Plaintiff,

and

BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS,

Plaintiff-Appellant,

v.

FUJITSU LIMITED and FUJITSU HITACHI PLASMA DISPLAY LIMITED,

Defendants-Appellees,

and

FUJITSU AMERICA, INC., FUJITSU GENERAL AMERICA CORP.,
FUJITSU GENERAL LIMITED, and FUJITSU MICROELECTRONICS, INC.,

Defendants.

Morgan Chu, Irell & Manella LLP, of Los Angeles, California, filed a combined petition for rehearing and rehearing en banc for plaintiff-appellant. With him on the petition were Joseph M. Lipner and Perry Goldberg.

Karen L. Hagberg, Morrison & Foerster LLP, of New York, New York, filed a response to the petition for defendants-appellees. With her on the response were Preston Moore and Jun Tsutsumi.

Appealed from: United States District Court for the Northern District of California

Magistrate Judge Joseph C. Spero

# United States Court of Appeals for the Federal Circuit]

03-1380

COMPETITIVE TECHNOLOGIES, INC.,

Plaintiff,

and

BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS,

Plaintiff-Appellant,

v.

FUJITSU LIMITED and FUJITSU HITACHI PLASMA DISPLAY LIMITED,

Defendants-Appellees,

and

FUJITSU AMERICA, INC., FUJITSU GENERAL AMERICA CORP.,
FUJITSU GENERAL LIMITED, and FUJITSU MICROELECTRONICS, INC.,

Defendants.

ON PETITION FOR REHEARING

Before MAYER,[*] GAJARSA, and DYK, <u>Circuit Judges</u>.

DYK, <u>Circuit Judge</u>.

---

[*] Judge Haldane Robert Mayer vacated the position of Chief Judge on December 24, 2004.

The Board of Trustees of the University of Illinois (the "University") petitions for rehearing of our earlier decision dismissing the University's appeal for lack of jurisdiction. We deny the petition.[1]

The University urges that our decision is contrary to the Fifth Circuit decision in Sherwinski v. Peterson, 98 F.3d 849 (5th Cir. 1996). We disagree. In Sherwinski, the district court denied the motion to dismiss by the Texas Department of Criminal Justice (the "Department"), stating that "'[u]ntil the factual and legal basis of the case has been further developed, no defendants will be dismissed.'" Id. at 851 (alteration in original). The Fifth Circuit noted that, although the district court's order did not expressly find that the Department was not immune from suit, "the end result is the same" because the Department did not receive the dismissal to which it was entitled. Id. Thus, Sherwinski is not a case in which the Eleventh Amendment immunity issue itself was expressly left open to reconsideration by the district court, as in this case; rather, the district court in Sherwinski declined to recognize the Department's immunity defense and refused to dismiss.

Second, the University urges that the Second Circuit decision in In re "Agent Orange" Product Liability Litigation, 745 F.2d 161 (2d Cir. 1984), on which we relied, see Competitive Techs., Inc. v. Fujitsu Ltd., 374 F.3d 1098, 1104 (Fed. Cir. 2004), is no longer good law. While aspects of Agent Orange have been called into question by

---

[1] Contrary to the response by Fujitsu Limited and Fujitsu Hitachi Plasma Display Limited (collectively, "Fujitsu") to the University's petition for rehearing (see Response of Defendants-Appellees at 4-5), we have not decided any aspect of the sovereign immunity dispute.

later decisions of the Second and Ninth Circuits, see Dibble v. Fenimore, 339 F.3d 120, 124 (2d Cir. 2003); Lutz v. Sec'y of the Air Force, 944 F.2d 1477, 1481-82 (9th Cir. 1991), those later decisions did not call into question those portions of Agent Orange on which we relied, see Competitive Techs., 374 F.3d at 1104. Neither of the later decisions held or suggested that a tentative decision of the district court on immunity grounds, expressly subject to further consideration because of unresolved issues in the case, meets the first prong of the Cohen test. See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546-47 (1949). Indeed, both Dibble and Lutz expressly distinguished Agent Orange under the first prong of Cohen. In Lutz, the court stated:

> In Agent Orange the district court had expressly stated that its order was "tentative" and that the government could "renew its motion to dismiss at any time before or during trial as further evidence and legal developments suggest." 745 F.2d at 164. Here, by contrast, the district court appears to have determined conclusively the question of whether the defendants' actions were "incident to military service," thus meeting the first prong.

944 F.2d at 1481. Similarly, the court in Dibble noted that "the order appealed from in Agent Orange was 'tentative' in its wording, thus raising doubt whether it 'conclusively determined' the question of immunity." 339 F.3d at 124. As we have held, the decisions of the Supreme Court in Coopers & Lybrand v. Livesay, 437 U.S. 463 (1978), and Swint v. Chambers County Commission, 514 U.S. 35 (1995), which was decided after Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139 (1993), make clear that a non-final resolution does not satisfy the Cohen test. Thus, the application of the first prong of Cohen in Agent Orange has not been undermined by subsequent decisions of the Supreme Court or other courts of appeals.

Accordingly,

IT IS ORDERED THAT:

The Petition for Rehearing is denied.

FOR THE COURT


___January  03,2005___                    _Timothy B. Dyk_____
          Date                                    Timothy B. Dyk
                                                  Circuit Judge