United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 05-20055
Summary Calendar

———————————————

REGINALD ROBERSON,

Plaintiff-Appellee,

versus

LONZO MCSHAN; ET AL.,

Defendants,

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

Defendant-Appellant.

Appeal from the United States District Court for
the Southern District of Texas
(USDC No. 4:02-CV-4365)

Before REAVLEY, HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Texas Department of Criminal Justice (TDCJ) brings this interlocutory appeal, arguing that it is immune from suit under the Eleventh Amendment. We agree.

We have appellate jurisdiction under the collateral order doctrine. Sherwinski v. Peterson, 98 F.3d 849, 851 (5th Cir. 1996). Plaintiff Reginald Roberson sued the TDCJ for money damages. He originally sought damages under 42 U.S.C. § 1983. He later dropped this claim and asserted a state law claim for money damages against the TDCJ under the Texas Tort Claims Act.

The district court reasoned that it had jurisdiction over the federal § 1983 claim, and that it had supplemental jurisdiction over the state law claim. The court implicitly reasoned that even if the federal claim is dropped, the court did not lose jurisdiction over the case and could entertain the state law claim. We cannot agree with this analysis because the Eleventh Amendment divested the court of jurisdiction to hear the federal claim as well as the state claim.

Under the Eleventh Amendment, the TDCJ is an instrumentality of the State of Texas and is immune from suit in federal court for money damages. Id. at 851-52; Harris v. Angelina County, Tex., 31 F.3d 331, 338 n.7 (5th Cir. 1994). As to Roberson's original claim against the TDCJ under § 1983, the Eleventh Amendment barred the federal district court from awarding relief on this claim. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 119-20 (1984). The Eleventh Amendment also bars state law claims in federal court. Id. at 120-21. Congress did not abrogate Eleventh Amendment immunity by granting federal courts supplemental jurisdiction over state law claims in 28

2

U.S.C. § 1367(a). <u>Raygor v. Regents of Univ. of Minn.</u>, 534 U.S. 533, 541-42 (2002).

The Eleventh Amendment therefore barred Roberson's state and federal claims against the TDCJ.

Nor has the State consented to suit expressly or through its conduct in this litigation. The Texas Tort Claims Act does not waive Eleventh Amendment immunity from suit in federal court. <u>Sherwinski</u>, 98 F.3d at 852. The State did not affirmatively seek out the jurisdiction of the federal court or otherwise engage in litigation conduct that would constitute a waiver of Eleventh Amendment immunity. After it was added as a party, it timely moved to dismiss on grounds of Eleventh Amendment immunity. <u>See</u> <u>Raygor</u>, 534 U.S. at 547.

The order denying the TDCJ's motion to dismiss is reversed and a take nothing judgment, without prejudice, is hereby entered for the TDCJ.

REVERSED and RENDERED.