**APPALACHIAN OUTDOOR ADVERTISING COMPANY, INC., Plaintiff,**

v.

**NORTH CAROLINA DEP'T OF TRANSPORTATION, et al., Defendants.**

**No. 5:98–CV–208–BO (3).**

United States District Court, E.D. North Carolina, Western Division.

June 24, 1998.

Betty S. Waller, Wilson & Waller, P.A., Raleigh, NC, for Appalachian Outdoor Advertising Company, Inc., plaintiff.

John F. Maddrey, Asst. Atty. General, N.C. Dept. of Justice, Raleigh, NC, Sarah Ann Lannom, N.C. Dept. of Justice, Raleigh, NC, for The North Carolina Department of Transportation, its Secretary and its State Highway Administrator, defendant.

## ORDER

TERRENCE WILLIAM BOYLE, Chief Judge.

This matter is before the Court on the Defendants' Motion to Dismiss Plaintiff's

Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. In consideration of the parties' arguments, the Court will grant the Defendants' motion and dismiss the Complaint in its entirety.

## BACKGROUND

Plaintiff Appalachian Outdoor Advertising Company, Inc. ("Appalachian") alleges that the North Carolina Department of Transportation ("DOT"), an agency of the State of North Carolina, failed to comply with certain provisions of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 ("the Act"), 42 U.S.C. § 4601, et seq., and wrongfully denied certain monetary benefits for the relocation of an outdoor advertising structure necessitated by a federal highway construction project in Catawba County, North Carolina. Plaintiff asserts that this Court has federal question jurisdiction over the cause of action pursuant to 28 U.S.C. § 1331. Plaintiff alleges that the Defendants (the DOT, its Secretary, and its State Highway Administrator) have failed to comply with the Act and asserts that their "failure to so comply and the amount to which plaintiff is entitled under [the Act] is subject to review by this Court." Amended Comp. ¶ 20. Plaintiff requests compensatory damages in the amount of $47,361.21 for "actual relocation expenses." Id. at 7.

## ANALYSIS

 Defendants argue they are immune from suit under the Eleventh Amendment to the United States Constitution. Under the Eleventh Amendment, an unconsenting state is immune to suits in the federal courts by its own citizens and citizens of other states and nations. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Of course, "Congress may abrogate the States' constitutionally secured immunity from suit in federal court, [but] only by making its intention unmistakably clear in the language of the statute." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 242, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985). Absent waiver, however, "neither a State nor agencies acting under its control may be subject to suit in Federal court." *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993) (internal quotation omitted).

 Plaintiffs argue that, because they accepted funds from the Federal Highway Administration and have accepted responsibility for carrying out congressional intent in administering the Act, they have consented to suit in federal court. It is undisputed that the Defendants accepted funds from the federal government under the Act. However, "[t]he mere fact that a State participates in a program through which the Federal Government provides assistance for the operation by the State of a system of public aid is not sufficient to establish consent on the part of the State to be sued in the federal courts." *Edelman*, 415 U.S. at 673, 94 S.Ct. 1347. Plaintiff also attempts to ground jurisdiction in this Court under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, et seq. The APA, however, is not a font of federal court jurisdiction here, as it is clearly limited to decisions of "each authority of the Government of the United States." 5 U.S.C. § 701(b)(1).

 This Court therefore finds that the Eleventh Amendment bars the instant suit and precludes the Court from asserting jurisdiction over the Plaintiff's claims. The State of North Carolina has not waived its Eleventh Amendment immunity or otherwise consented to suit in federal court over the matters alleged in Plaintiff's Amended Complaint merely by accepting and administering federal highway funds under the Act. Further, Congress has not abrogated the Defendants' immunity from suit in the Act. Plaintiff's demand of monetary relief from the North Carolina Department of Transportation and its officers

is thus barred by the Eleventh Amendment to the United States Constitution.

### CONCLUSION

For the reasons stated above, the Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is GRANTED, and Plaintiff's complaint dismissed in its entirety.

SO ORDERED.