F I L E D
United States Court of Appeals
Tenth Circuit

JUL 5 2001

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

LONNIE LYNN,

       Plaintiff-Appellant,

v.

COLORADO DEPARTMENT OF
INSTITUTIONS, DIVISION OF
YOUTH SERVICES,

       Defendant-Appellee.

No. 00-1173
(D.C. No. 98-D-1924)
(Colorado)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, **MCKAY** and **BRORBY,** Circuit Judges.

Lonnie Lynn brought this action for money damages under the Americans

with Disabilities Act, 42 U.S.C. §§ 12111-12117 (ADA), against the Colorado

Department of Institutions, Division of Youth Services (Division), a division of

the Colorado State Government.  Mr. Lynn's complaint alleges that he began

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

working for the Division in 1979, that he became mentally disabled in 1993-94, and that he requested reasonable accommodation but was deemed to have resigned his position in 1994. The district court granted the Division's motion for summary judgment, ruling that Mr. Lynn's action was barred by collateral estoppel and that he did not have a disability. Mr. Lynn appealed. For the reasons given below, we hold we lack jurisdiction to hear this appeal and dismiss the action.

While Mr. Lynn's appeal was pending, the Supreme Court decided *Bd. of Trustees v. Garrett*, 121 S. Ct. 955 (2001), holding that suits against states for money damages under the ADA are barred by the Eleventh Amendment. *Garrett* effectively overrules this court's decision to the contrary in *Cisneros v. Wilson*, 226 F.3d 1113, 1124 (10th Cir. 2000). Consequently, we issued an order directing Mr. Lynn to show cause why this appeal should not be dismissed in light of the decision in *Garrett*. We have considered the parties' response to the show cause order, and we conclude this action is barred by the Eleventh Amendment.

In his complaint, Mr. Lynn sought damages for "lost earnings and benefits, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to reputation, humiliation, embarrassment and medical and insurance expenses and other damages in an amount subject to proof." Aplt. App. at 10. In addition, Mr. Lynn sought "injunctive relief to prevent the Division from further

violations of his statutorily protected rights." *Id.* Mr. Lynn does not deny that his claim for monetary relief is barred under *Garrett*, but he argues that his claim for injunctive relief, in particular the equitable relief of reinstatement, still remains available to him.

Mr. Lynn relies on a footnote in *Garrett* in which the Court observed that its holding did not "mean that persons with disabilities have no federal recourse against discrimination. Title I of the ADA still prescribes standards applicable to the States. Those standards can be enforced . . . by private individuals in actions for injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908)." *Garrett*, 121 S. Ct. at 968 n.9. Mr. Lynn contends that in light of this comment, his claim for the equitable relief of reinstatement is not barred. As the Division points out, however, the doctrine of *Ex parte Young* is not available to Mr. Lynn.

"Under the *Ex parte Young* legal fiction, *when an official* of a state agency *is sued in his official capacity for prospective equitable relief*, he is generally not regarded as 'the state' for purposes of the Eleventh Amendment and the case may proceed in federal court." *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1188 (10th Cir. 1998) (emphasis added). The *Ex parte Young* exception is a narrow one. *Elephant Butte Irrigation Dist. v. Dep't of Interior*, 160 F.3d 602, 607 (10th Cir. 1998). "[I]t 'has no application against the States *and their agencies*, which are barred regardless of the relief sought.'" *Buchwald v. Univ. of N. M. Sch. of*

*Med.*, 159 F.3d 487, 496 (10th Cir. 1998) (emphasis added) (quoting *Puerto Rico Aqueduct v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)); *see also Elephant Butte*, 160 F.3d at 607 (*Ex parte Young* doctrine applies only when "lawsuit involves an action against state officials, not against the state"); *ANR Pipeline*, 150 F.3d at 1187 (any form of relief against state agency, even solely prospective injunctive relief, is barred).

Mr. Lynn has sued only the state agency with whom he was employed. He did not name any state official in any capacity. Accordingly he may not proceed under the *Ex parte Young* doctrine, even assuming that the equitable relief he now seeks would otherwise be available.

The appeal is **DISMISSED** for lack of jurisdiction. The judgment of the district court is **VACATED**, and the matter is **REMANDED** with instructions to dismiss the action, without prejudice, for lack of jurisdiction.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge