**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 24 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SHIRLEY A. RANDALL,

      Plaintiff-Appellee,

v.

STATE OF OKLAHOMA ex rel.
OKLAHOMA DEPARTMENT OF
CORRECTIONS,

      Defendant-Appellant.

No. 00-5209
(D.C. No. 99-CV-886-H)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL**, **PORFILIO,** and **KELLY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant appeals the district court's denial of its motion for summary judgment based on Eleventh Amendment immunity in this action brought by plaintiff under Title I of the Americans With Disabilities Act, 42 U.S.C. §§ 12111-12117 ("ADA"). We have jurisdiction to hear this interlocutory appeal pursuant to 28 U.S.C. § 1291 and the collateral order doctrine. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993) (applying *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949)).

At the time the district court denied defendant's motion, controlling Tenth Circuit precedent provided that Congress validly abrogated the States' Eleventh Amendment immunity in enacting Title I of the ADA. *Cisneros v. Wilson*, 226 F.3d 1113, 1128 (10th Cir. 2000). Between the time defendant filed its opening brief on appeal and plaintiff filed her response brief, however, the Supreme Court ruled that Congress did not validly abrogate the States' Eleventh Amendment immunity in Title I of the ADA, effectively overruling *Cisneros*. *Board of Trustees v. Garrett*, 531 U.S. 356, ___, 121 S. Ct. 955, 964-68 (2001). Plaintiff concedes in her appellate brief that *Garrett* controls here. Appellee's Br. at 1, 5.

Plaintiff argues, however, that she should be awarded her fees and costs on appeal because at the time defendant took this appeal, it was legally frivolous in light of our holding in *Cisneros*. Plaintiff complains of defendant's failure to

-2-

recognize *Cisneros* as controlling authority in its opening brief to this court or in proceedings before the district court. Further, she maintains that this appeal was unnecessary because defendant could have simply awaited the Supreme Court's decision in *Garrett* and, if favorable, defendant could have moved again to have the district court dismiss the case.

We deny plaintiff's request for appellate fees and costs. We cannot say that defendant's appeal was frivolous in light of the pendency of *Garrett* and of its ultimate resolution. Nor can we say that defendant acted improperly in pursuing an appeal rather than sitting on its appellate rights and awaiting the outcome of the proceedings in *Garrett*. We do, however, strongly admonish defendant for failing to cite *Cisneros* in its opening brief. The proper course would have been for defendant to recognize the controlling nature of *Cisneros* and argue for its overruling. By failing to do so, defendant eschewed its obligation of fairness and candor to this court.

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED and the action is REMANDED to the district court with directions to dismiss the case as barred under the Eleventh Amendment. Plaintiff's motion to file a supplemental answer brief is DENIED.

Entered for the Court

David M. Ebel
Circuit Judge