UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

VIRGINIA ASSOCIATION OF
TOWING AND RECOVERY OPERATORS,
INCORPORATED,

*Plaintiff-Appellant,*

v.

COMMONWEALTH OF VIRGINIA,

*Defendant-Appellee.*

No. 03-1312

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-02-1814-A)

Submitted: July 23, 2003

Decided: October 21, 2003

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Robert L. Tomlinson II, TOMLINSON & ASSOCIATES, Arlington, Virginia, for Appellant. Jerry W. Kilgore, Attorney General of Virginia, Judith Williams Jagdmann, Deputy Attorney General, Edward M. Macon, Senior Assistant Attorney General/Chief, Peter R. Messitt, Senior Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Virginia Association of Towing and Recovery Operators, Inc. ("VATRO"), filed an action against the Commonwealth of Virginia seeking a declaratory judgment that Va. Code Ann. § 46.2-1233.1 (Michie 2002), which limited the applicable fees for non-consensual towing, violated the Fifth and Fourteenth Amendments. The district court granted Virginia's motion to dismiss on the ground the action was barred by the Eleventh Amendment. Finding no error, we affirm.

VATRO argues neither the Eleventh Amendment nor the doctrine of sovereign immunity prohibits a claim in federal court that alleges a violation of the Fourteenth Amendment due process clause. While § 5 of the Fourteenth Amendment can provide constitutional authorization for Congress to abrogate the States' immunity, *see Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 59 (1996), we reject VATRO's arguments that a claim under the Fourteenth Amendment may proceed against the State even in the absence of appropriate legislation under § 5. *See Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 364 (2001) ("[H]owever, we held that 'the Eleventh Amendment, and the principle of state sovereignty which it embodies, are necessarily limited by the enforcement provisions of § 5 of the Fourteenth Amendment." (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976))).

To the extent VATRO argues it may proceed under 28 U.S.C. § 2201 (2000), we reject these arguments. Lastly, VATRO argues it may proceed under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908) (allowing for suit seeking injunctive or declaratory relief against state officials). However, the only defendant VATRO sued was the Commonwealth of Virginia, consequently *Ex parte Young* does not apply. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Nor do we find the Supreme

Court's recent opinion in *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635 (2002), affects this analysis.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*