POCATELLO EDUCATION ASSOCIA-
TION; Idaho Education Association;
Professional Fire Fighters of Idaho,
Inc.; Service Employees International
Union, Local 687; AFL–CIO, State of
Idaho, Plaintiffs—Appellees,

v.

Mark HEIDEMAN, in his official ca-
pacity as Bannock County Pros-
ecuting Attorney, Defendant,

and

Ben Ysura, in his official capacity as
Secretary of State for the State of
Idaho; Lawrence Wasden, in his offi-
cial capacity as Attorney General for
the State of Idaho, Defendants—Ap-
pellants.

No. 03–35654.

D.C. No. CV–03–00256–BLW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 14, 2005.

Decided Feb. 3, 2005.

Robert H. Chanin, Jeremiah A. Collins,
Philip A. Hostak, Bredhoff and Kaiser,
P.L.L.C. Attorneys & Counselors, Judith
A. Scott, Orrin Baird, Washington, DC,
John E. Rumel, Alan C. Herzfeld, Herzfeld

& Piotrowski, John F. Greenfield, Boise, ID, for Plaintiffs—Appellees.

Roderick R. Hall, Bannock County Prosecutor, Pocatello, ID, for Defendant.

Brian P. Kane, Office of the Attorney General, James D. Carlson, AGID—Office of the Idaho Attorney General (Boise), Boise, ID, for Defendants—Appellants.

Before SCHROEDER, Chief Judge, GOODWIN, and GRABER, Circuit Judges.

MEMORANDUM *

Plaintiff labor unions brought suit against the Idaho attorney general and secretary of state (the "Officials") seeking to stay enforcement of the Idaho Voluntary Contributions Act ("VCA"). The district court denied the Officials' motions to dismiss the action on the basis of Eleventh Amendment immunity, and the Officials appeal.

We have jurisdiction under the collateral order doctrine to review the order. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 143–44, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993); *Thomas v. Nakatani,* 309 F.3d 1203, 1207–08 (9th Cir.2002). We review de novo whether Eleventh Amendment immunity applies, and affirm. *See Savage v. Glendale Union High Sch., Dist. No. 205,* 343 F.3d 1036, 1040 (9th Cir.2003), *cert. denied,* 541 U.S. 1009, 124 S.Ct. 2067, 158 L.Ed.2d 618 (2004).

The Officials contend that they are immune from suit because they do not have any authority to enforce the VCA. Idaho's statutes indicate otherwise.

■ The VCA's penalty provision provides that a violation of the Act is a misdemeanor. Idaho Code § 44–2604(2). Accordingly, primary enforcement authority rests with local prosecutors. Idaho Code § 31–2604(2). However, this court has recently noted that under Idaho law, " '[t]he attorney general may, in his assistance, *do every act* that the county attorney can perform.' " *Planned Parenthood of Idaho, Inc. v. Wasden,* 376 F.3d 908, 920 (9th Cir.2004) (quoting *Newman v. Lance,* 129 Idaho 98, 922 P.2d 395, 399–401 (1996), *petition for cert. filed,* —— U.S. ——, 125 S.Ct. 1694, —— L.Ed.2d ——, 2005 WL 694426, 73 U.S.L.W. 3338 (U.S. March 28, 2005)). Because the attorney general may assist in the prosecution of the VCA, he possesses the requisite connection to the VCA to render him subject to suit in federal court under the *Ex parte Young*[1] doctrine. *Id.*

■ The secretary of state is also vested with responsibilities under the VCA and the incorporated provisions of Idaho's campaign reporting laws, including the authority to investigate violations and to seek injunctive relief. *See* Idaho Code §§ 44–2605(2), 67–6607, 67–6623, 67–6625A, 67–6626. These responsibilities provide a sufficient connection with the VCA to render the secretary of state a proper defendant. *See L.A. County Bar Ass'n v. Eu,* 979 F.2d 697, 704 (9th Cir.1992).

■ Finally, we reject the Officials' contention that this suit is barred because they have not demonstrated an intent to enforce the statute. *See Nat'l Audubon*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

*Soc'y, Inc. v. Davis,* 307 F.3d 835, 846–47 (9th Cir.2002).

AFFIRMED.

---

\* Withdrawn and Republished in full at 2005 WL 1022071.

\*\* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.