# United States Court of Appeals for the Federal Circuit

2006-1330


BAUM RESEARCH AND DEVELOPMENT COMPANY, INC.,
and CHARLES S. BAUM,

Plaintiffs-Appellees,

v.

UNIVERSITY OF MASSACHUSETTS AT LOWELL,

Defendant-Appellant.

Andrew Kochanowski, Sommers Schwartz, P.C., of Southfield, Michigan, argued for plaintiffs-appellees.

William H. Hurd, Troutman Sanders LLP, of Richmond, Virginia, argued for defendant-appellant.

Appealed from: United States District Court for the Western District of Michigan

Magistrate Judge Ellen S. Carmody

# United States Court of Appeals for the Federal Circuit

2006-1330

BAUM RESEARCH AND DEVELOPMENT COMPANY, INC.,
and CHARLES S. BAUM,

Plaintiffs-Appellees,

v.

UNIVERSITY OF MASSACHUSETTS AT LOWELL,

Defendant-Appellant.

_____

DECIDED:  October 10, 2007

_____

Before NEWMAN, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and MOORE, <u>Circuit Judge</u>.

Opinion for the court filed by <u>Circuit Judge</u> NEWMAN.  <u>Circuit Judge</u> MOORE concurs in the judgment, and joins Part A but not Part B of the opinion.

NEWMAN, <u>Circuit Judge</u>.


The issue is whether the University of Massachusetts at Lowell ("the University") waived its Eleventh Amendment immunity by expressly agreeing to federal jurisdiction in a patent license agreement.  The district court so held.[1]  On interlocutory review, we affirm the district court's judgment.

---

[1]     <u>Baum Research & Dev. Co. v. University of Massachusetts at Lowell</u>, No. 1:02-CV-674, 2006 WL 461224 (W.D. Mich. Feb. 24, 2006).

BACKGROUND

Charles S. Baum is the inventor of the two United States Patents in suit, concerning a device for testing baseball bats of varying construction. On December 24, 1998 the University executed a "Confidential License Agreement" with Mr. Baum and The Baum Research and Development Corporation (collectively "Baum"). The agreement includes the following provision:

> III-3. Governing Law. This Agreement will be construed, interpreted and applied according to the laws of the State of Michigan and all parties agree to proper venue and hereby submit to jurisdiction in the appropriate State or Federal Courts of Record sitting in the State of Michigan.

The contract was executed for the University as:

> UNIVERSITY OF MASSACHUSETTS AT LOWELL
>       [signature of Louise G. Griffin]
> By: Louise G. Griffin
> Title:  Assoc. Director, External Funding
>           Tech Transfer & Partnering

Dispute arose between Baum and the University, and on September 19, 2002 Baum filed suit in the United States District Court for the Western District of Michigan, charging the University with breach of contract and patent infringement. The University asserted immunity from suit based on the Eleventh Amendment.[2] The district court denied the University's motion to dismiss on this ground, ruling that any immunity was waived by contract provision III-3. The court then bifurcated the contract and infringement claims, and held a jury trial on the breach of contract claim. The verdict was in favor of Baum. On

---

[2] U.S. Const. amend. XI. The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

2006-1330                                        2

post-trial motion the University renewed its claim of immunity; the district court again denied the motion, with opinion explaining that the University's Eleventh Amendment immunity was waived by the contract's explicit provision wherein all parties agreed to "submit to jurisdiction" of the appropriate federal or state court sitting in Michigan. The district court stayed further proceedings, including its grant of a new trial on the issue of damages, pending this appeal. Although Baum complains that the University should have appealed the Eleventh Amendment issue before the breach of contract case was tried, and should not have been permitted to reargue this issue after the trial, we discern no flaw in the district court's action in reconsidering this issue after the trial.

The issue of Eleventh Amendment immunity is subject to collateral appellate review, and such review was accepted by this court. See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 147 (1993) ("We hold that States and state entities that claim to be 'arms of the State' may take advantage of the collateral order doctrine to appeal a district court order denying a claim of Eleventh Amendment immunity.")

DISCUSSION

I

The Eleventh Amendment limits the judicial authority of the federal courts and bars unconsented suit against a state in federal court. See Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 268 (1997) (a state cannot be sued in federal court without its consent); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996) (same). The University claimed immunity as an arm of the state, and Baum does not dispute that status as a state entity was created by Mass. Gen. Laws ch. 75, §1 ("The state university shall be the University of Massachusetts . . . a public institution of higher learning within the system

2006-1330            3

of public higher education . . . ."). We give plenary review to questions of Eleventh Amendment immunity. McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco, Dep't of Bus. Regulation of Florida, 496 U.S. 18, 30 (1990); Martin v. Hunter's Lessee, 14 U.S. (1 Wheat.) 304, 348 (1816); Vas-Cath, Inc. v. Curators of University of Missouri, 473 F.3d 1376, 1380 (Fed. Cir. 2007).

**A**

The district court held that immunity as to this contract was expressly waived by specific provision of the contract. In College Savings Bank v. Florida Prepaid Postsecondary Education Expense Bd., 527 U.S. 666 (1999) the Court had reaffirmed that a state waives its immunity when it clearly declares its intention to submit to federal jurisdiction, id. at 675-76, but the intention must be "unequivocally expressed." Id. at 676 (quoting Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99 (1984)). General consent provisions standing alone, such as general sue-and-be-sued clauses, have been held insufficient to waive Eleventh Amendment immunity, Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 306 (1990), and in Port Authority the specific authorization of suit in federal court was held to bridge that gap. Id. at 308.

The University argues that contract provision III-3 is in "vague language" and is not the "unequivocally expressed" consent to suit that precedent requires. The University argues that contract provision III-3 can be read not as a waiver of immunity from suit, but merely an acceptance of venue in Michigan, if Baum can somehow overcome the obstacle of the University's immunity. The University argues that since contract provision III-1 (Government Restrictions and Force Majeure) makes the contract "subject to all laws," this of course includes the Constitution and its amendments, whereby provision III-3 cannot

override the Constitution. Thus the University argues that the contract itself precludes any waiver of any constitutional immunity, or at least is sufficiently ambiguous to render the asserted waiver clause void.

The district court, hearing the University's arguments both before and after trial, and carefully exploring the contract's terms in light of precedent, ruled that "by agreeing to this provision [III-3], Defendant affirmatively agreed to resolve in federal court any disputes that may arise." The court considered the University's arguments that the contract is ambiguous, and did not agree. We agree with the district court that the contract terms are clear, and that the University agreed to submit to the jurisdiction of a federal court in Michigan as to disputes arising from this contract. Although the University argues that the contract does not state which court is "appropriate" as to which cause of action as may arise, this does not negate the agreement to submit to the jurisdiction of the appropriate court.

The district court explained that the contract meets the waiver criteria of College Savings Bank and other precedent. The district court pointed out that College Savings Bank held that a State's express waiver of sovereign immunity must be unequivocal and such immunity cannot be impliedly or constructively waived. 527 U.S. at 676-77. In Port Authority the Court held that New York and New Jersey waived immunity from suit by providing that consent to suit "is granted on the condition that venue . . . shall be laid within a . . . judicial district, established . . . by the United States, and situated wholly or partially within the Port of New York District"; the Court held that this was "persuasive textual evidence that the consent to suit provision encompasses suits in federal court." 495 U.S. at 308.

We affirm the district court's ruling that the contract between Baum and the University is not ambiguous as to the mutual obligation to submit to jurisdiction of the state and federal courts in Michigan, and that the University thereby waived its Eleventh Amendment immunity.

**B**

The University states that even if the contract obligated it to submit to federal jurisdiction, neither the University nor its Associate Director who executed the contract had authority to enter into a contract that waived [the state's] Eleventh Amendment immunity. The University acknowledged in the district court that its contract with Baum was entered into in accordance with the authority granted to the University trustees by Massachusetts General Laws, chapter 75, §14A:

> Section 14A. Notwithstanding any provision of law to the contrary, the trustees shall prescribe and enforce such regulations as they may deem necessary, and may enter into contracts with corporations, foundations, other entities, and individuals concerning inventions, discoveries, research, or other work product, including patents, trademarks, copyrights, trade secrets, and any other intellectual property, developed under the terms of a sponsored agreement entered into by the university or involving the use of university funds, facilities, . . . including the transfer of rights involving such work product, . . . and provision for the resolution of any and all disagreements involving the same. . . .

However, the University argued that this authority to enter into contracts and to provide for the resolution of disagreements does not include the authority to waive Eleventh Amendment immunity in performing these functions. The University states that only the Massachusetts legislature can waive the state's immunity. In the district court the University argued that the University could not waive its state immunity, and at the argument of this appeal the University stated that explicit legislative waiver, contract by

contract, would be required to achieve an enforceable waiver. The University's position is that since it is entitled to assert state immunity, it cannot waive it.

The district court did not accept the University's apparent position that it acted beyond its authority in including this provision in the patent license agreement with Baum. The argument is presented on this appeal without any support in the record, with no state-produced document stating that the University and its officials did not act in accordance with the law. Although "the Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar so that it need not be raised in the trial court," Edelman v. Jordan, 415 U.S. 651, 678 (1974), the record contains no representation by the State of Massachusetts that its University had no authority to enter this contract. Director Griffin testified that the University has entered into, and she has executed for the University, hundreds of contracts containing this provision; the University did not attempt to impugn her authority to do so on behalf of the University.

The University does not deny that it had authority to enter into this contract with Baum, but argues that Baum must affirmatively prove that the Massachusetts legislature delegated to the University the authority to include in the contract a waiver of immunity in federal court should dispute arise. We do not discern error in the district court's careful consideration of the issues. There was no assertion by the University that it does not have authority to enter into patent license agreements; the assertion was that Baum must prove the University's authority to include the particular provision III-3. Indeed, in pressing this argument the University does not assert that it acted illegally. Instead, it asserts that Baum has the burden of proving that it acted legally. We discern no support for the thesis that the University's contract authority must be proved, when the University does not deny that

authority. At the trial, Director Griffin testified at length as to the origins of this contract, her negotiation of the terms, and its approval by several University lawyers. No issue was raised that she and the University exceeded their authority in negotiating and signing this contract, including provision III-3. Although the University thereafter suggested the issue to the district court, it was devoid of any support.

The district court did not err in its ruling that the contract provision III-3 was a clear and unambiguous consent to the jurisdiction of a Michigan federal court for disagreements arising from this license agreement. That ruling is

<u>AFFIRMED</u>.