Marie WALTER, Plaintiff–Appellant

v.

Mary BOEHM, Cindy Haskins, Dineen Riviezzo, Michael Boxer, Office of the New York State Inspector General, and the State of New York, Defendants–Appellees.

No. 07–3927–cv.

United States Court of Appeals, Second Circuit.

Feb. 17, 2009.

Phillip G. Steck, Cooper Erving & Savage LLP, Albany, NY, for Appellant.

Andrew B. Ayers, Assistant Solicitor General (Andrew M. Cuomo, Attorney General for the State of New York, Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, on the brief), Albany, NY, for Appellee.

PRESENT: WILFRED FEINBERG, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Plaintiff-appellant, Marie Walter, appeals from an August 15, 2007 order of the District Court granting summary judgment to defendants-appellees after plaintiff brought suit under 42 U.S.C. § 1983, alleg-

ing violations of her rights under the First and Fourteenth Amendments in connection with the termination of her employment at the Office of the New York State Inspector General ("OIG"). *See Walter v. Boehm,* No. 1:05–CV–01167 (N.D.N.Y. Aug. 15, 2007). On appeal, plaintiff contends that the District Court erred in granting defendants' motion because the evidence before the court, viewed in the light most favorable to plaintiff, demonstrated that defendants terminated her employment in retaliation for speech protected by the First Amendment. We assume the parties' familiarity with the facts and procedural history of this case.

We review a district court's grant of summary judgment *de novo,* construing the record in the light most favorable to the non-moving party. *See, e.g., Hoyt v. Andreucci,* 433 F.3d 320, 327 (2d Cir.2006). "An order granting summary judgment will be affirmed only when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Riegel v. Medtronic, Inc.,* 451 F.3d 104, 108 (2d Cir.2006) (citing Fed.R.Civ.P. 56(c)). In order to demonstrate a genuine issue of a material fact, "the non-moving party may not rely on conclusory allegations or unsubstantiated speculation," but must instead "present 'specific facts showing that there is a genuine issue for trial.'" *Major League Baseball Properties, Inc. v. Salvino, Inc.,* 542 F.3d 290, 306 (2d Cir. 2008) (quoting Fed.R.Civ.P. 56(e)) (some internal quotation marks omitted) (alteration omitted).

In order to prevail on a First Amendment retaliation claim, plaintiff must demonstrate that (1) she engaged in speech protected by the First Amendment, as a result of which (2) she suffered an adverse employment decision, and (3) "a causal connection existed between the speech and the adverse employment decision, so that it can be said that her speech was the motivating factor in the determination." *Gronowski v. Spencer,* 424 F.3d 285, 292 (2d Cir.2005). Neither side dispute that plaintiff's decision not to attend a political fundraiser was protected by the First Amendment. Nor is it disputed that plaintiff's termination was an adverse employment decision. The District Court nevertheless granted summary judgment to defendants because it found that plaintiff had not produced evidence sufficient to establish a causal link between her conduct and her termination. We agree.

As plaintiff observes, causation "can be established indirectly by showing that the protected activity was closely followed in time by the adverse action." *Cifra v. G.E. Co.,* 252 F.3d 205, 217 (2d Cir.2001). However, neither the record in this case nor our case law supports plaintiff's contention that we may infer causation from the timing of her firing in this case. In *Dillon v. Morano,* we held that a First Amendment retaliation claim could not survive summary judgment where plaintiff suffered an adverse employment decision as part of an "office-wide reorganization" and plaintiff failed to "present[ ] evidence that this reallocation of resources was targeted at him, or any other evidence from which one could infer that [defendant] made these various decisions affecting numerous other people in order to retaliate against [plaintiff]." 497 F.3d 247, 255 (2d Cir.2007). In *Dillon,* indicia of retaliation were considerably stronger than in this case. Plaintiff, an investigator in Connecticut's Office of the Chief State's Attorney, had sued defendant, the Chief State's Attorney in Connecticut, who allegedly told plaintiff, "[T]his [suit] will affect the way I treat certain employees in the future." *Id.* at 251.

In the instant case, plaintiff was fired, along with three other employees, during a well-documented period of office restruc-

turing in the midst of a state-wide budget shortfall that accompanied the appointment of a new Inspector General ("IG"), and she has failed to demonstrate that the IG's decision to terminate her was in any way motivated by her exercise of First Amendment rights. Rather, it is undisputed that plaintiff was specifically identified as part of group of employees who added the "least value" at their respective positions. J.A. 80. In fact, plaintiff was considered by some to be one of the "least valuable" OIG employees. J.A. 208. She had been demoted five years prior to her termination, and she had at times interacted with members of the public in an unprofessional manner, sometimes "yelling loudly" at complainants, J.A. 408. Further, the evidence shows that plaintiff's high salary made it difficult for the IG to justify moving her to a new position with less responsibility. The IG testified that on June 21, 2005—the day *before* she learned of plaintiff's protected activity—she generated a list of four individuals to be terminated. Consistent with her prior determination that plaintiff added the "least value" among the inspectors, the IG placed plaintiff's name on this list.

Plaintiff points to no evidence, aside from timing of her firing, from which we might infer that her exercise of First Amendment rights was a "substantial or motivating factor" in the IG's decision to fire her. *See Beechwood Restorative Care Center v. Leeds,* 436 F.3d 147, 152 (2d Cir.2006). We hold that the District Court did not err in granting summary judgment to defendants.

Finally, we agree that dismissal of plaintiff's claims against the OIG and the State of New York was appropriate, as each is immune from suit in federal court absent the State's consent. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993) ("Absent waiver, nei-

ther a State nor agencies acting under its control may be subject to suit federal court." (internal quotation marks omitted)).

### CONCLUSION

For the reasons stated above, the August 15, 2007 order of the District Court is AFFIRMED.