Chief Justice Roberts,
with whom Justice Thomas joins, concurring in part and dissenting in part.
The parties to this case are Alabama, Florida, North Carolina, Tennessee, Virginia, and the Southeast Interstate Low-Level Radioactive Waste Management Commission. One of these things is not like the others: The Commission is not a sovereign State. The Court entertains its suit — despite North Carolina’s sovereign immunity — because the Commission “asserts the same claims and seeks the same relief as the other plaintiffs.” Ante, at 355. Our Constitution does not countenance such “no harm, no foul” jurisdiction, and I respectfully dissent.
The Court has made this mistake before. In Arizona v. California, 460 U. S. 605 (1983), we allowed Indian Tribes that could not sue sovereign States to piggyback on the claims of the United States, which could. We reasoned that once the United States had initiated suit, the state defendants could “no longer ... assert [their] immunity with respect to the subject matter of [the] action,” so the Tribes were free to pile on and join the suit. Id., at 614. Today the Court retraces Arizona’s steps, quoting that case for the proposition that when private plaintiffs “‘do not seek to bring new claims or issues,. .. our judicial power over the controversy is not enlarged . .., and the States’ sovereign immu *361 nity protected by the Eleventh Amendment is not compromised.'” Ante, at 355 (quoting Arizona, supra, at 614).
That statement is contrary to the language of the Constitution. The Eleventh Amendment provides:
“The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.”
The immunity conferred is against the “eommence[ment] or prosecut[ion]” of “any suit in law or equity.” There is no carve-out for suits “prosecuted” by private parties so long as those parties “‘do not seek to bring new claims or issues.’” Ante, at 355 (quoting Arizona, supra, at 614).
Understandably, the Court’s opinion leans heavily on Arizona, which has never been squarely overruled. Ante, at 354-356. But Arizona itself is built on sand. The relevant portion of that opinion is almost wholly unreasoned. It cites only a footnote in a prior case, the pertinent paragraph of which failed even to discuss the State’s immunity from private suit. See 460 U. S., at 614 (citing Maryland v. Louisiana, 451 U. S. 725, 745, n. 21 (1981)). That paragraph addressed only intervention, not sovereign immunity, and the two issues are distinct. See South Carolina v. North Carolina, 558 U. S. 256, 268, n. 5 (2010).
Most importantly, the subsequent development of our sovereign immunity jurisprudence has only undermined Arizona’s already weak foundations. We recognized in Alden v. Maine, 527 U. S. 706, 718 (1999), that the Constitution left intact the States’ pre-existing “immunity from private suits”; as the Eleventh Amendment confirms, the States did not “‘surrender . . . this immunity in the plan of the convention,”’ id., at 717 (quoting The Federalist No. 81, p. 487 (C. Rossiter ed. 1961) (A. Hamilton)); see also Alden, supra, at 718-722, 755-756. There is no reason to suppose that the *362 States, at the founding, made an exception for private suits that happen to mimic other plaintiffs’ claims — and neither Arizona nor the Court today suggests otherwise.
Whether or not a plaintiff “seeks the same relief” or imposes any “additional defense or liability,” ante, at 355, 356, simply does not matter in light of our recognition that sovereign immunity provides an “immunity from suit,” not a “defense to . . . liability,” Federal Maritime Comm’n v. South Carolina Ports Authority, 535 U. S. 743, 766 (2002). As we have explained, “the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred.” Seminole Tribe of Fla. v. Florida, 517 U. S. 44, 58 (1996). Indeed, we have suggested that private parties may not sue even if a court is “precluded . . . from awarding them any relief.” Federal Maritime Comm’n, supra, at 766 (emphasis added) (dictum). It is the fact that a private party is allowed to sue a sovereign State — not the burden of litigation or the relief sought — that infringes the immunity of the State. “The Eleventh Amendment is concerned not only with the States’ ability to withstand suit, but with their privilege not to be sued.” Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U. S. 139, 147, n. 5 (1993).
It is therefore impossible for the Court to hear private claims against a nonconsenting State without expanding “our judicial power over the controversy.” Arizona, supra, at 614. Sovereign immunity is a limitation on that power. The similarity of claims may be relevant to joinder or intervention, but those are procedural means of processing claims, not fonts of judicial authority. See Henderson v. United States, 517 U. S. 654, 664 (1996).
Nor may the Court entertain private claims without “com-promis[ing]” “the States’ sovereign immunity.” Arizona, supra, at 614. As a party, the Commission enjoys legally enforceable rights against the defendant State: It may object *363 to settlement, seek taxation of costs, advance arguments we are obliged to consider, and plead the judgment as res judi-cata in future litigation. If the Commission truly sought nothing for itself — other than “a full exposition of the issues,” Preliminary Report of the Special Master 14 — it could have participated as an amicus.
The Commission and North Carolina know that more is at stake if the Commission is allowed to sue the State. It is precisely the Commission’s status as a party, its attempt to “prosecut[e]” a “suit in law or equity .. . against one of the United States,” U. S. Const., Arndt. 11, that sovereign immunity forbids.
I would sustain North Carolina’s first exception to the Special Master’s reports.*

1 also join Justice Breyer’s opinion and all of the Court’s opinion save Parts II-D and III-B. Justice Thomas joins all hut Part III-B of the Court’s opinion.