# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-3348

_____

United States of America ex rel. Eric Fields

*Plaintiff - Appellee*

v.

Bi-State Development Agency of the Missouri-Illinois Metropolitan District,
doing business as Metro

*Defendant - Appellant*

Eager Road and Associates, LLC

*Defendant*

United States of America

*Movant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 14, 2016
Filed: July 13, 2016

_____

Before GRUENDER, BRIGHT, and KELLY, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Eric Fields brought a *qui tam* lawsuit against Bi-State Development Agency of the Missouri-Illinois Metropolitan District ("Bi-State") and Eager Road Associates, LLC ("Eager Road"). Fields alleged that Bi-State and Eager Road made false claims to receive federal public-transit funds through the Department of Transportation and the Federal Transit Administration. The district court[1] denied Bi-State's motion for summary judgement. We dismiss Bi-State's appeal for lack of jurisdiction.

Bi-State is a "body corporate and politic" created through a compact between the states of Missouri and Illinois for the purpose of constructing and operating public transit systems and other public facilities in the St. Louis metropolitan region. *See* Mo. Rev. Stat. § 70.370. Fields worked as an engineer for Bi-State from 2003 to 2012. In 2014, Fields sued his former employer under the *qui tam* provision of the False Claims Act, 31 U.S.C. § 3730(b) ("FCA"), alleging that Bi-State falsely had certified its compliance with both the Hatch Act, 5 U.S.C. §§ 7321-7326, and the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4601, in order to receive federal public-transit funds.

Bi-State moved for summary judgment on all claims against it, arguing that it is not a "person" subject to suit under the FCA. *See Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 787-88 (2000) (concluding that states and state agencies are not "persons" and thus are not subject to liability under the FCA). The district court disagreed. After conducting the "arm of the state" analysis set forth in *Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corporation*, 948 F.2d 1084, 1086-88 (8th Cir. 1991), the district court found that Bi-State should be characterized as a local-government entity rather than an arm of the state. Because such an entity

---

[1] The Honorable Rodney W. Sippel, Chief Judge, United States District Court for the Eastern District of Missouri.

qualifies as a "person" subject to liability under the FCA, *see Cook Cty. v. U.S. ex rel. Chandler*, 538 U.S. 119, 122 (2003), the district court denied Bi-State's motion for summary judgment. Bi-State appeals that decision.

Bi-State argues that the district court erred by denying summary judgment because Bi-State is not a "person" for the purposes of the FCA and because Bi-State's status as an "arm of the state" entitles it to sovereign immunity under the Eleventh Amendment. Despite the general rule that a denial of summary judgment is not a final order and therefore not appealable, *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1362 n.6 (8th Cir. 1993), appellate courts have jurisdiction to hear the interlocutory appeal of a district court's denial of summary judgment based on sovereign immunity, *see Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (recognizing that such appeals fall within the "small class" of interlocutory appeals permitted under the collateral order doctrine (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949))).

Our review of the record, however, reveals that the issue of Bi-State's immunity is not properly before us. At no point during the proceedings before the district court did Bi-State claim that it was entitled to sovereign immunity. Bi-State's motion for summary judgment argued only that it is not a "person" under the FCA, and the district court's denial of summary judgement addressed only that question. We acknowledge that Bi-State's argument involved the same "arm of the state" analysis that courts use to determine Eleventh Amendment immunity. *See U.S. ex rel. Lesinski v. S. Fl. Water Mgmt. Dist.*, 739 F.3d 598, 602 (11th Cir. 2014) (collecting FCA cases applying the "arm of the state" factors). However, as the Supreme Court has recognized, whether an entity falls under the scope of the FCA is an issue distinct from whether the Eleventh Amendment provides the entity with immunity from suit. *See Vt. Agency*, 529 U.S. at 779 (explaining that the Court would determine whether the FCA permitted the action in question before proceeding to the issue of sovereign immunity). Indeed, Bi-State's motion for summary judgment highlighted an

important difference between these two inquiries when it noted that the FCA places the burden on the plaintiff to demonstrate that the defendant falls within the scope of the statute. In contrast, all of our sister circuits to address the issue have recognized that an entity asserting Eleventh Amendment immunity bears the burden of showing its entitlement to such immunity. *See U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 147 (4th Cir. 2014) (collecting cases).

This court does not reach issues that the parties did not raise below. *See Taylor v. Sw. Bell Tel. Co.*, 251 F.3d 735, 740 (8th Cir. 2001). Because Bi-State did not argue before the district court that it was entitled to sovereign immunity under the Eleventh Amendment, the only issue before us is Bi-State's status as a "person" under the FCA. We lack jurisdiction to decide this statutory question in the context of Bi-State's interlocutory appeal from the district court's denial of summary judgment. *See Reich*, 987 F.2d at 1362 n.6.

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

_____