# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 21-7065**

**September Term, 2021**

**1:21-cv-00204-UNA**

**Filed On:** March 28, 2022

Anthony Lee McNair,

        Appellant

    v.

Government of North Carolina and North
Carolina Department of Public Safety,

        Appellees

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Henderson and Tatel, Circuit Judges, and Sentelle, Senior Circuit
Judge

## J U D G M E N T

This appeal was considered on the record from the United States District Court
for the District of Columbia and on the briefs and supplements thereto filed by
appellant.  See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  Upon consideration of
the foregoing and the motion for release pending appeal and for injunction, the
supplement thereto, the motion for damages or remand, and the supplements thereto, it
is

**ORDERED AND ADJUDGED** that the district court's order filed June 1, 2021 be
affirmed.  The district court properly dismissed the case for lack of subject-matter
jurisdiction because appellant's claims are barred by sovereign immunity.  See P.R.
Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) ("Absent
waiver, neither a State nor agencies acting under its control may 'be subject to suit in
federal court.'") (quoting Welch v. Tex. Dept. of Highways and Public Transp., 483 U.S.
468, 480 (1987)).  Appellant has not plausibly alleged any facts that show that
appellees have waived their sovereign immunity.  See Bronner ex. rel. Am. Stud. Ass'n
v. Duggan, 962 F.3d 596, 602 (D.C. Cir. 2020) ("[O]nce jurisdiction is in question, 'the
party claiming subject matter jurisdiction . . . has the burden to demonstrate that it
exists.'") (quoting Khadr v. United States, 529 F.3d 1112, 1115 (D.C. Cir. 2008)).  It is

## No. 21-7065                                    September Term, 2021

**FURTHER ORDERED** that the motion for release pending appeal and for injunction and the motion for damages or remand be dismissed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:  /s/
Daniel J. Reidy
Deputy Clerk