**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-1770

JIDEOFOR MICHAEL ONUEKWUSI

v.

DARNELL GRAHAM; *CHRISTOPHER BROWN; *MARIA MITTI; *JOSEPH
COZENTINO; *DET. MIGUEL ARROYO; *CITY OF NEWARK


DARNELL GRAHAM,

Appellant

*(Dismissed pursuant to the Court Order dated 11/9/21)

_____


On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 2:20-cv-02965)
District Judge: Honorable John M. Vazquez

_____

Submitted under Third Circuit L.A.R. 34.1(a)
on March 28, 2022

_____

Before: RESTREPO, ROTH, and FUENTES, *Circuit Judges*

(Filed: September 28, 2022)

_____

**OPINION**[*][1]

_____

_____

[1] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not
constitute binding precedent.

**RESTREPO**, *Circuit Judge*.

Only the facts relevant to the narrow issue presented here will be set forth because this opinion is not precedential, and the parties are well aware of the somewhat complicated background. Defendant-Appellant Darnell Graham (Graham) seeks this Court's review of the District Court's order denying him qualified immunity under 42 U.S.C. § 1983 and denying, in part, to dismiss Plaintiff-Appellee Jideofor Michael Onuekwusi's (Onuekwusi) complaint.

In 2018, Graham, a detective with the Newark Police Department, and his co-defendants sought to apprehend an assailant who committed at least three robberies of victims encountered through Offerup and Craigslist. Onuekwusi's complaint alleges that Graham used a 15-year-old picture of Onuekwusi in a photo lineup, falsely told witnesses that Onuekwusi was connected to the number used to contact them, and did not disclose to witnesses or the court that Onuekwusi spoke with a distinct Nigerian accent.

The grand jury indicted Onuekwusi on three counts of first-degree robbery, two counts of second-degree unlawful possession of a firearm, and three counts of second-degree possession of a weapon with an unlawful purpose. Onuekwusi was subsequently arrested, placed on an immigration hold, and spent 11 months in jail. In 2020, Onuekwusi filed a complaint alleging violations of the Fourth and Fourteenth Amendments stemming from defendants' fabrication of evidence and false statements to a grand jury. Graham and his co-defendants moved to dismiss Onuekwusi's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In relevant part, the District Court determined that Graham was not subject to qualified immunity. We affirm.

# I.

At issue is whether we possess jurisdiction to review the District Court's order denying Graham qualified immunity where issues of fact exist. Although Graham's appeal is an interlocutory one, this Court has jurisdiction. It is well-established that, even though 28 U.S.C. § 1291 only provides jurisdiction over final orders, this Court has jurisdiction under the collateral order doctrine over a petitioner's § 1983 claim of qualified immunity, but only to the extent that it "turns on an issue of law." *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S. Ct. 2806, 2817 (1985); *see also Dougherty v. Sch. Dist. of Philadelphia et al.*, 772 F.3d 979, 986 (3d Cir. 2014) (same).

Under the collateral order doctrine, an interlocutory order is immediately appealable as a "final decision" within the meaning of § 1291 if it "[1] conclusively determine[s] the disputed question, [2] resolve[s] an important issue completely separate from the merits of the action, and [3] [is] effectively unreviewable on appeal from a final judgment." *Johnson v. Jones*, 515 U.S. 304, 310, 115 S. Ct. 2151, 2152 (1995) (first, third, and fifth alterations in original) (internal quotation marks omitted) (quoting *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S. Ct. 684, 688 (1993)). A district court's order denying qualified immunity may be an appealable final decision under the collateral order doctrine if the order turns on an issue of law, not fact. *L.R. v. Sch. Dist. of Philadelphia*, 836 F.3d 235, 240–41 (3d Cir. 2016) ("[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment.").

To the extent that this Court has jurisdiction over Graham's claims, we exercise de novo review over an appeal from a motion to dismiss. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). In considering a motion to dismiss, we "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Id.* at 233 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

## II.

We turn to the merits of Graham's qualified immunity defense. We must determine whether the District Court properly denied Graham qualified immunity. Under § 1983, government officials are shielded from civil damages liability unless the official violated a complainant's statutory or constitutional right that was "clearly established" at the time of the conduct at issue. *Reichle v. Howards*, 566 U.S. 658, 664, 132 S. Ct. 2088, 2093 (2012). A court reviewing a qualified immunity claim must engage in a two-step analysis: "(1) whether the plaintiff sufficiently alleged the violation of a constitutional right, and (2) whether the right was 'clearly established' at the time of the official's conduct." *L.R.*, 836 F.3d at 241 (quoting *Pearson v. Callahan*, 555 U.S. 223, 232, 129 S. Ct. 808, 816 (2009)).

To satisfy the first step, we must decide whether the record was sufficient to establish a constitutional violation based on the set of facts before the district court. Graham argues that Onuekwusi failed to establish a constitutional violation of a clearly established right. Onuekwusi, on the other hand, points to his complaint which claims violations of his

4

Fourth and Fourteenth Amendments. To determine whether Onuekwusi properly raised a Fourth Amendment violation, the District Court evaluated whether Graham had probable cause to arrest Onuekwusi. Viewing the facts in the light most favorable to Onuekwusi, the District Court noted that Onuekwusi alleged Graham falsely linked him to a cell phone number that was not his;[2] Graham used a significantly outdated photograph (15-years-old) of Onuekwusi in a photo lineup; Onuekwusi did not have accounts on Craigslist or Offerup and Graham knew that; and Graham pursued Onuekwusi's arrest despite the fact that the assailant was not described as having an accent whereas Onuekwusi spoke with a significant Nigerian accent. Based on these facts, the District Court determined that Graham did not have probable cause to arrest Onuekwusi and therefore violated his Fourth Amendment rights.

The District Court used the same set of aforementioned facts to determine Onuekwusi's Fourteenth Amendment claim, which alleges a *Brady*/Fabricated Evidence

---

[2] There is some dispute regarding the factual question of whether one of the perpetrator's phone numbers was connected to Onuekwusi through a relative (Onuekwusi claims that he has no connection to the phone numbers though he may have mistakenly testified that one of the phone numbers used by the assailants was connected to a family member of Onuekwusi). The District Court must weigh the facts in the light most favorable to Onuekwusi as the non-moving party. Judge Vazquez considered Onuekwusi's alleged facts as true, namely that he was not actually connected to the numbers, and that Graham knowingly falsified this information.

Even if the question of Onuekwusi's connection to the assailant's phone numbers is a genuine issue of material fact, the District Court properly considered several other factors in denying Graham's § 1983 protection claim, and we have jurisdiction to review that determination.

Claim under the Due Process Clause. Graham claimed that using an old photo was not fabricated evidence. However, as the District Court pointed out, the photograph shown to the robbery victims depicted Onuekwusi as 15 years younger and 70 pounds lighter than he was at the time of the robberies. Onuekwusi claimed that Graham framed him by inducing false witness identification using misleading and suggestive photo lineups. Graham also falsely testified to the grand jury regarding Onuekwusi's alleged accounts on Offerup and Craigslist.

The District Court found that Onuekwusi adequately pled facts giving rise to a reasonable inference that there was a reasonable likelihood that, absent Graham's fabricated evidence, Onuekwusi would not have been criminally charged in violation of his Fourth and Fourteenth Amendments. We agree.

We now turn to whether Onuekwusi's Fourth and Fourteenth Amendment rights were clearly established. The District Court found that "no reasonable police officer with the knowledge of the foregoing allegations would have believed that there was probable cause to arrest and prosecute Plaintiff." App. 23. We agree. In his brief, Graham cites *Ashcroft v. al-Kidd*, 563 U.S. 731, 741, 131 S. Ct. 2074, 2083 (2011) which provides officials with qualified immunity unless, *inter alia*, every "reasonable official" would have known that his actions were violative of the Constitution. Here, we agree with the District Court: any reasonable officer would have known that Graham's alleged actions— fabricating evidence and making false statements to a grand jury with the intent of arresting an individual—would be in violation of an individual's constitutional protections. We

6

conclude, therefore, that Graham is not entitled to qualified immunity and the District Court did not err in denying his motion to dismiss.

## III.

For the foregoing reasons, we will affirm the District Court's order denying Graham's motion to dismiss.