**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JAN 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TERRENCE BREWER,

        Plaintiff - Appellee,

  v.

STATE BAR OF CALIFORNIA; STATE
BAR OF CALIFORNIA - BOARD OF
TRUSTEES; STATE BAR OF
CALIFORNIA - COMMITTEE OF BAR
EXAMINERS,

        Defendants - Appellants.

No. 24-2151

D.C. No.
2:23-cv-00860-TLN-JDP

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted January 13, 2025[**]
San Francisco, California

Before: H.A. THOMAS, MENDOZA, and JOHNSTONE, Circuit Judges.

      The State Bar of California ("State Bar") appeals an interlocutory order

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying its defense of immunity under the Eleventh Amendment of the U.S. Constitution. We have jurisdiction under 28 U.S.C. § 1291, *see P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993), and we review de novo the denial of a motion to dismiss on the grounds of Eleventh Amendment immunity, *see Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016). We remand for reconsideration consistent with *Kohn v. State Bar of Cal.*, 119 F.4th 693 (9th Cir. 2024) ("*Kohn II*").

1.      Plaintiff Terrence Brewer is a disabled veteran who appears pro se and has unsuccessfully attempted to pass the California bar exam. He alleges that the State Bar violated Title V of the Americans with Disabilities Act by denying his accommodation and score-reconsideration requests in retaliation for his complaints of disability discrimination, *see* 42 U.S.C. § 12203(a), and interfering with his right to exercise and to enjoy reasonable testing accommodations, *see id.* § 12203(b). Title V does not include remedial and enforcement provisions. Instead, the "remedies and procedures available under [Title I, Title II, and Title III] . . . [are] available to aggrieved persons for violations of [Title V]." *Id.* § 12203(c).

2.      The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. "Longstanding Supreme Court precedent has

interpreted this Amendment to immunize states from suit in federal court by citizens and noncitizens alike." *Kohn v. State Bar of Cal.*, 87 F.4th 1021, 1025 (9th Cir. 2023) ("*Kohn I*"), *cert. denied*, 144 S. Ct. 1465 (2024). The State Bar "is an arm of the state and entitled to sovereign immunity." *Id.* at 1032.

During the pendency of this appeal, we held "that the Supreme Court's decision in *United States v. Georgia*, 546 U.S. 151 (2006) . . . requires courts to analyze on a claim-by-claim basis whether Title II validly abrogates state sovereign immunity as to the specific class of conduct at issue." *Kohn II*, 119 F.4th at 695–96. The district court did not apply *Georgia* to determine whether, in enacting Title II, Congress validly abrogated state sovereign immunity as to Brewer's Title V claims. We thus vacate the district court's order as to Brewer's claims under 42 U.S.C. § 12203(a)–(b) and remand for reconsideration consistent with *Kohn II*. On remand, the district court shall provide Brewer with the opportunity to amend his Title V claims before proceeding.

**VACATED AND REMANDED.**[1]

---

[1] Each party shall bear its own costs associated with this appeal.